**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CENTRINEX, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-2300-SAC |
| ) | |
| DARKSTAR GROUP, LTD., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court upon Defendant's Motion to Quash Service of Process with Suggestions in Support (ECF No. 12). Plaintiff has not filed a timely opposition. For the reasons explained below, the Court denies the motion.

**I.    Background**

Plaintiff Centrinex, LLC ("Plaintiff" or "Centrinex") provides various customer services, including management of call centers, to its clients.[1] On or about September 22, 2011, Centrinex and Defendant Darkstar Group, Ltd. ("Darkstar") purportedly entered into a "Customer Service Outsourcing Agreement" whereby Centrinex would provide call center services to Darkstar for a two-year period.[2] On or about January 17, 2012, Centrinex was notified that Darkstar was moving its call-center operations "in-house."[3] On May 20, 2012, Centrinex filed a complaint against Darkstar for, *inter alia*, breach of contract.

On June 16, 2012, Centrinex filed a Proof of Service indicating that a summons was served

---

[1] Customer Service Outsourcing Agreement, ECF No. 1.

[2] *Id.*

[3] E-mail from Phil Forsey to Bart Miller (Jan. 17, 2012), ECF No. 1.

on Darkstar Group, Ltd. on May 25, 2012.  The Proof of Service indicates that the summons was delivered to Victor De Aza, Manager, and that Mr. De Aza was designated by law to accept service of process on behalf of Darkstar.  In the current motion, Darkstar requests that the Court strike the summons because it was not delivered to an appropriate individual within the meaning of Fed. R. Civ. P. 4(h).[4]

**II.    Analysis**

Centrinex did not file a timely response brief to the current motion.[5]  The failure to timely file a response brief waives the right to file such brief or memorandum absent a showing of excusable neglect.[6]  The Court will then consider and decide the motion as an uncontested motion, and ordinarily will grant the motion without further notice.[7]  The Court, however, may evaluate the relief requested by any motion and may still deny the motion where it finds the relief requested to be inappropriate.[8]  Here, the Court finds it appropriate to review the merits of Darkstar's motion.

If a defendant challenges service of process, the plaintiff has the burden of proving that

---

[4] Darkstar does not request that the Court dismiss the Complaint under Fed. R. Civ. P. 12(b)(5). *See Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.").

[5] Centrinex filed an untimely response in opposition on July 19, 2012.  ECF No. 14.

[6] D. Kan. R. 7.4(b).

[7] *Id.*

[8] *Quality Trust, Inc. v. Cajun Constructors, Inc.*, No. 04-4157-SAC, 2006 WL 1914164, at *1 (D. Kan. June 27, 2006); *Green v. Dean*, No. 03-3225-JWL, 2005 WL 1806427, at *1 n.2 (D. Kan. Aug. 1, 2005) ("While uncontested motions are ordinarily granted, they are not invariably granted."); *see also Walls v. Int'l Paper Co.*, 192 F.R.D. 294, 296 (D. Kan. 2000) (considering issues raised in motion to compel despite that no response in opposition was filed).

service of process was sufficient.[9]  "A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'"[10] "Such a return would also constitute *prima facie* evidence of compliance with the requirements of due process."[11] "Although the return of service of the summons and the complaint is strong evidence of the facts stated therein, it is not conclusive and may be controverted upon a showing that the return is inaccurate."[12] But a bare allegation by a defendant that it was not properly served cannot contradict the return of service.[13]

Under Fed. R. Civ. P. 4(h), a corporation may be served by (1) following state law for serving a summons in the state where the district court is located or where service is to be made or (2) by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

Here, Centrinex filed a signed proof of service indicating that process was served upon Victor De Aza on May 25, 2012 and that Mr. De Aza was designated by law to accept service of process on behalf of Darkstar.  This constitutes *prima facie* evidence that service was proper under Fed. R. Civ. P. 4(h)(1)(B).

In its motion, Darkstar argues only that no "individual, officer, managing or general agent

---

[9] *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1273 (D. Kan. 2011); *Murphy v. AT&T*, No. 10-2686-CM, 2011 WL 5152228, at * 2 (D. Kan. Oct. 28, 2011).

[10] *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349–50 (D. Kan. 1994) (internal citations and quotations omitted).

[11] *Id*. at 1350.

[12] 4B Charles Alan Wright *et al.*, Federal Practice & Procedure § 1130.

[13] *Oltremari*, 871 F. Supp. at 1350.

has been served" within the meaning of Rule 4(h).[14] But Darkstar attaches no affidavit or other competent evidence to support its statement. This conclusory assertion is not the "strong and convincing" evidence required to overcome the signed proof of service.[15]

Further, Fla. Stat. § 48.081 states:

> (1) Process against any private corporation, domestic or foreign, may be served:
>
>> (a) On the president or vice president, or other head of the corporation;
>>
>> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>>
>> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>>
>> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
> (2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

As discussed above, the Proof of Service indicates that the summons was served upon Victor

---

[14] The summons appears to have been served at 560 Lincoln Road, Suite 305, Miami Beach, Florida. Darkstar has previously admitted that its principal place of business is located in Miami Beach, Florida. *See* ECF No. 7.

[15] *Compare id.* (finding proper service where neither defendant proffered an affidavit or other strong and convincing evidence that they were improperly served) *and Shell v. Am. Family Rights Ass'n*, No. 09-cv-00309-MSK-KMT, 2012 WL 2370070, at *1 (D. Colo. June 22, 2012) (holding that notarized return of service established prima facie showing of proper service when defendant failed to provide any evidence to the contrary), *with Rutter v. Louis Dreyfus Corp.*, 181 F. Supp. 531, 533 (E.D. Pa. 1960) (holding that signed return of service indicating that service was made on agent of defendants was not conclusive because defendants had submitted uncontradicted affidavits denying agency relationship).

De Aza as a manager of Darkstar.  Darkstar makes no argument that service was improper under Florida law.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Quash Service of Process with Suggestions in Support (ECF No. 12) is hereby denied.

**IT IS SO ORDERED.**

Dated this 19th day of July, 2012, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
