IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CENTRINEX, LLC,

        Plaintiff,

v.                              Case No. 12-2300-SAC

DARKSTAR GROUP, LTD, AJAX GROUP,
LLC, and ALEXANDER L. SHOGREN,

        Defendants.

MEMORANDUM AND ORDER

This case comes before the court on Plaintiff's motion for prejudgment attachment in the amount of $54,879.74. The motion, made pursuant to Fed.R. Civ. P. 64 and K.S.A. 60-701, is opposed by all Defendants.

Pursuant to Rule 64, the remedy available under Kansas state law for prejudgment attachment is the remedy available in this Court. Accordingly, Plaintiff's motion is governed by K.S.A. § 60-701, which states:

> Subject to the provisions of K.S.A. 60-703, and amendments thereto, the plaintiffs at or after the commencement of any civil action may have, as an incident to the relief sought, one or more attachments against the property of the defendant, or that of any one or more of several defendants, when the defendant whose property is to be attached:
> (1) is a nonresident of the state or a foreign corporation, or
> (3) is about to remove his or her property or effects out of this state, or
> (4) is about to convert his or her property or a part thereof into money for the purpose of placing it beyond the reach of creditors, or
> (5) has concealed, removed, assigned, conveyed or otherwise disposed of his or her property or effects so as to hinder or delay creditors or is about to do so …

Plaintiff lists the above subsections in its memorandum, but does not reference any statutory grounds for attachment in its argument. Plaintiff's reply brief states, however, that it believes that "defendants will hide and spirit away those funds offshore to avoid paying the damages they have caused Centrinex. Such a subterfuge is exactly what defendants hope to accomplish with their entity structuring and offshore situs." DK. 26, p. 2.

Under Kansas law, the prerequisites for receiving an order of prejudgment attachment are clear.

> The order of attachment shall be issued by a judge of the district court upon the filing of a petition stating the claim and the filing of an affidavit, or an affidavit and bond as required in this article … The filing of an affidavit stating one or more grounds of attachment is required in every case. A bond is required in every case except in actions instituted on behalf of the state of Kansas or a county of the state. …

K.S.A. 60-703.

"The normal procedure under K.S.A. 60–701 *et seq.*, is for the court to grant an attachment order and then conduct a hearing upon motion of defendant to dissolve the attachment order pursuant to K.S.A. 60–712(a)." *Mid-States Ag-Chem Co., Inc. v. Atchison Grain Co., Inc.*, 750 F.Supp. 465, 467-68 (D.Kan. 1990). Here, however, the requirements of the statute are clearly not met, so no attachment shall initially be ordered.

Plaintiff's motion, memorandum, and exhibits fail to meet the requirements of Kansas law for prejudgment attachment. Plaintiff admits that it has provided no bond, and contends that if a bond is required, a one

2

dollar bond suffices, pursuant to the parties' contractual agreement.[1] But that position contradicts the plain language of the statute which states, "*[a] bond is required in every case* except in actions instituted on behalf of the state of Kansas or a county of the state." (Emphasis added.) Plaintiff does not pretend to fall within the sole stated exception to the bond requirement.

Plaintiff alludes to a contractual agreement, but fails to recite the relevant language from that agreement or to show how that language applies to the facts.[2] Plaintiff does, however, cite paragraph 8 of an agreement, which includes the following stipulation:

> … in the event that the non-defaulting party seeks equitable relief, such as but not limited to injunctive relief, then the defaulting party hereby waives any and all requirements that the non-defaulting party post a bond or surety as may be required under any applicable law, and in the event that a bond or surety is required, that the amount of One Dollar ($1) is reasonable and sufficient.

*See* Dk. 22, Exh. 1, p. 7, para. 8.

Plaintiff has not shown that it is possible for parties to contractually waive the bond mandated by Kansas statutes governing prejudgment attachment. The Kansas Supreme Court has held that the bond is a constitutional requisite of due process, stating:

---

[1] The Court assumes for purposes of this motion, without deciding, that the parties in this case were signatories to the cited agreement, but the copy of the agreement which is included as an exhibit is not signed by the Plaintiff.

[2] Plaintiff makes no attempt to show that the terms of the contractual waiver are met – *i.e.*, that it is seeking a true equitable remedy instead of merely seeking to preserve its ability to obtain monetary damages. Cf, *Grupo Mexicano de Desarrollo S.A.*, 527 U.S. 308, 119 S.Ct. at 1973–74, 144 L.Ed.2d 319 (1999).

> ... in order for a state prejudgment attachment procedure to be constitutional under the due process clause, the statute must contain the following necessary elements:
> (1) The plaintiff must furnish an appropriate bond or other security to protect the debtor in the event the attachment has been wrongfully obtained.
> (2) The affidavit upon which the attachment is based must allege specific facts rather than conclusory allegations in the statutory language.
> (3) A judicial officer must pass on the sufficiency of the facts alleged in plaintiff's affidavit before issuing an attachment order.

*Hillhouse v. City of Kansas City*, 221 Kan. 369, 376 (1977). Plaintiff has failed to show the Court any authority in support of its assertion that despite the constitutional necessity of a bond, the parties may contractually and prospectively waive that requirement. *See State ex rel. Froidl v. Tillman*, 662 S.W.2d 907 (Mo.App. E.D. 1983) (finding no waiver of bond where prejudgment attachment statute required bond).

The Court is aware of the general rule in Kansas that parties are free to bind themselves to any contract term, so long as the term is neither illegal nor contradicts public policy. *See Metro. Life Ins. Co. v. Strnad*, 255 Kan. 657, 670–71 (1994). And under Kansas law, parties may even bargain away their constitutional rights in some circumstances. *See State v. Clevenger,* 235 Kan. 864, 868 (1984).

But those freedom of contract principles do not control where the parties' agreement would violate public policy or is unreasonable. *See Strnd*, 255 Kan. 670-71; *Idbeis v. Wichita Surgical Specialists, P.A*, 279 Kan. 755 (2005). Public policy is shown by the legislature's clear declaration of the

state's public policy as well as by the legislature's statutory provisions from which public policy may reasonably be implied, even if it is not directly declared. Campbell v. Husky Hogs, L.L.C., 292 Kan. 225, 230 (2011). *See O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 348 (2012) (noting that the legislature is one of the branches of government charged with development of public policy on behalf of the electorate).

The statutory bond requirement is a clear expression of the public policy of the State of Kansas and is necessary to fulfill the requirements of due process. *Hillhouse*, 221 Kan. at 379; *Cf, Ramcharan-Maharajh v. Gilliland*, 286 P.3d 216, 218 (Kan.App. 2012) (Kansas cities may not enter into contracts that contravene statutes or public policy). Plaintiff's purported waiver of the statutory bond requirement is contrary to the public policy stated in the statute, so cannot be enforced. Plaintiff must post a bond.

Plaintiff also contends that if a bond is necessary, a one dollar bond is sufficient. But K.S.A. 60-705, which governs the form and content of the bond, requires an amount double the amount of the plaintiff's claim, or another amount that would cover "all damages which the defendant may sustain" by reason of a wrongfully obtained attachment. *See Mid-States Ag-Chem Co., Inc. v. Atchison Grain Co., Inc.*, 750 F.Supp. 465, 467 - 468 (D.Kan. 1990) (requiring bond in an amount more than double the amount of the plaintiff's claim because defendant might be forced out of business). It states:

> (a) *Form and contents.* When a bond is required, the bond shall be executed by the plaintiff and one or more sufficient sureties in a sum double the amount of the plaintiff's claim, or such lesser amount as shall be approved by an order of the judge, to the effect that the plaintiff shall pay to the defendant all damages which the defendant may sustain by reason of the attachment if wrongfully obtained, or from a wrongful levy thereof if such levy was directed by the plaintiff or plaintiff's attorney. The bond shall be examined by the judge as to its sufficiency and, if approved by the judge, such approval shall be noted thereon.

The purpose of the bond is "to protect the debtor who may suffer damages as the result of the wrongful use of the provisional remedy by the creditor." *Braun v. Pepper*, 224 Kan. 56, 60 (1978). Plaintiff has failed to show the Court that one dollar would be sufficient to cover all damages which the Defendants may sustain by reason of a wrongfully obtained attachment.[3] A bond in the amount of one dollar would be unreasonable.

The Court finds it unnecessary to reach Defendants' contention that the facts alleged in Plaintiff's affidavit are insufficient to show that prejudgment attachment is warranted.

IT IS THEREFORE ORDERED that Plaintiff's motion for prejudgment attachment (Dk. 21) is denied.

IT IS FURTHER ORDERED that Plaintiff's motion for default judgment as to Defendants Darkstar Group, Ltd and AJAX Group, LLC, (Dk. 5) is denied as moot because those Defendants have answered the complaint.

---

[3] Nor has Plaintiff provided a draft attachment order in compliance with the form set forth by the Kansas Judicial Council which would show the Court which property it seeks to attach.

Dated this 31st day of October, 2012, at Topeka, Kansas.

                                              <u>s/ Sam A. Crow</u>  
                                              Sam A. Crow, U.S. District Senior Judge

Case 2:12-cv-02300-SAC-KGS   Document 27   Filed 10/31/12   Page 7 of 7

7