# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CENTRINEX, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-2300-SAC ) |
| DARKSTAR GROUP, LTD, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff Centrinex, LLC's Motion to Compel Discovery and for Sanctions (ECF No. 50). For the following reasons, the Court grants Centrinex's Motion to Compel and orders Defendants Darkstar Group, LTD; Ajax Group, LLC; and Alexander L. Shogren to show cause why they or their counsel should not be taxed with reasonable attorneys' fees and costs associated with Centrinex's Motion.

### I.  Relevant Background

On May 20, 2012, Centrinex filed an action against Defendants alleging breach of contract, violation of the Kansas Uniform Trade Secrets Act, and fraud arising from the termination of a customer service outsourcing agreement between Centrinex and Darkstar. The present discovery dispute stems from Defendants' failure to respond to Centrinex's First Request for Production of Documents and Things served on April 17, 2013. On July 25, 2013, Centrinex filed a Motion for Leave to File a Motion to Compel Out of Time (ECF No. 44). In response, Defendants did not oppose the Motion for Leave, but rather argued against Centrinex's present Motion to Compel Discovery.[1] The Court granted Centrinex's Motion for Leave and allowed Defendants up to and including August 16, 2013, to file any further response to Centrinex's

---
[1] *See generally* Defs.' Resp. to Mot. at 1-2, ECF No. 46.

Motion to Compel. Defendants have not filed any further response and the time to do so has passed. Therefore, the Court will only consider Defendants' response to Centrinex's Motion for Leave (ECF No. 46) as Defendants' arguments against the present Motion to Compel.

**II.     Analysis**

*A. Procedural Conference Requirement*

Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 require a moving party, in good faith, to confer with opposing counsel about any discovery disputes before filing a motion to compel. When a motion to compel is filed, it "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[2] The duty to confer generally requires counsel to "converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[3] In this case, Defendants failed to produce the discovery documents requested by Centrinex. Thereafter, Centrinex reached out to Defendants on several occasions to confer in an attempt to resolve the issue. On each occasion, however, Defendants asked Centrinex for additional time to respond. After several months of giving Defendants additional time, Centrinex finally sought court intervention. Based upon Centrinex's persistence to resolve this issue without court intervention, the Court finds that Centrinex has satisfied the procedural conference requirement.

*B. Motion to Compel*

---

[2] Fed. R. Civ. P. 37(a)(1).

[3] D. Kan. Rule 37.2.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."[4] Fed. R. Civ. P. 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." When a party fails to make disclosure of discovery, the opposing party may file a motion to compel. When a motion to compel is filed and asks the court to overrule certain objections, the objecting party must specifically show how each discovery request is objectionable.[5] A general objection does not fulfill a party's burden to explain and substantiate its objection.[6] To meet this burden, the party must show specifically how each request is objectionable by submitting affidavits or offering evidence or some other type of support.[7] In addition, objections not initially asserted in response to a discovery request but raised in response to a motion to compel will be deemed waived.[8]

In this case, Defendants concede they did not respond to Centrinex's discovery request. Defendants, however, argue that their unresponsiveness is due to the ceased operations of Defendants Darkstar and Ajax and their lack of employees to gather such documents. Defendants' counsel argues that he did not learn of such circumstances until returning from a two-week vacation in July, well after Defendants' responses were due in late May 2013. In addition, Defendants asserts that Mr. Shogren lacks possession or control of the responsive documents and, therefore, is also unable to respond to Centrinex's request. Nonetheless,

---

[4] Fed. R. Civ. P. 26(a)(1).

[5] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[6] *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 381 (D. Kan. 2005).

[7] *Cardenas*, 232 F.R.D. at 381 (citing *Allianz Ins. v. Surface Specialties, Inc.*, No. Civ. A. 03-2470-CM-DJW, 2005 WL 44534, at *2 (D. Kan. Jan. 7, 2005); *Employers Commercial Union Ins. Co. of Am. v. Browning-Ferris Indus. of Kan. City, Inc.*, Civ. A. No. 91-2161-JWL, 1993 WL 210012, at *2 (D. Kan. Apr. 5, 1993)).

[8] *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 621 (D. Kan. 2005).

Defendants suggest Centrinex to serve subpoenas on third parties to receive the requested documents.

The Court rejects Defendants' arguments and suggestion that Centrinex serve third parties with subpoenas to receive the requested documents. First, any argument construed as objections to the discovery requests are deemed waived as a result of Defendants' failure to initially assert such objections in response to Centrinex's discovery request.[9] In fact, rather than initially asserting any objections, Defendants made promises to produce such documents at a later date. These promises were never acted upon and, as a result, unnecessarily delayed this lawsuit.

Second, even if Defendants' arguments were timely asserted, Defendants try to justify their unresponsiveness through unsupported allegations that the requested documents are somehow not in their control. However, "[c]ontrol comprehends not only possession but also the right, authority, or ability to obtain the documents."[10] Specifically, "documents are deemed to be within the possession, custody or control if the party has actual possession, custody, or control or has the legal right to obtain the documents on demand."[11] In this case, Defendants do not explain or substantiate their lack of control over the requested documents. Instead, Defendants argue that they cannot produce the responsive documents because Darkstar and Ajax lack employees to locate the documents. The mere fact that these business entities lack employees to locate the documents, however, does not show that they lack possession or control. Further, Defendants make an assertion that the documents are not in Mr. Shogren's possession without providing any

---

[9] *See id.*

[10] *Noaimi v. Zaid*, 283 F.R.D. 639, 641 (D. Kan. 2012) (quoting *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 516 (D. Kan. 2007)).

[11] *Id.* (quoting *Ice Corp.*, 245 F.R.D. at 516-17) (emphasis omitted).

evidence to substantiate this claim as required to carry their burden. Based on the foregoing analysis, the Court finds that Defendants failed to make the requisite showing, and therefore, Centrinex's Motion to Compel is hereby granted.

### C. *Motion for Sanctions*

The Court next turns to the award of reasonable attorneys' fees and expenses incurred by Centrinex in connection with its Motion to Compel. Fed. R. Civ. P. 37(a)(5) governs the award of fees and expenses associated with motions to compel. If a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[12] A court *must not* order expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[13]

As the Rule expressly provides, the Court may award fees and expenses under Rule 37(a)(5)(A) only after the Court has afforded the parties the "opportunity to be heard." To satisfy this requirement, the Court directs Defendants to show cause, in writing, on or before September 20, 2013, why Defendants, jointly and severally, and/or Defendants' counsel should not be required to pay the reasonable attorneys' fees and expenses Centrinex incurred in filing its Motion to Compel. Centrinex shall have seven (7) days after Defendants' filing to respond, if they so choose. Defendants may file any reply within seven (7) days of Centrinex's response. In

---

[12] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

[13] *Id.*

the event the Court determines that attorneys' fees and expenses should be awarded, the Court will issue an order setting forth a schedule for the filing of affidavits or other evidence reflecting the amount of fees and expenses Centrinex incurred, and for the filing of any related briefs.

All other sanctions requested by Centrinex pertaining to Defendants' potential non-adherence to this Order are premature. If such non-adherence occurs, Centrinex may file a motion seeking additional sanctions at that appropriate time.[14]

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (ECF No. 50) is hereby granted.

**IT IS FURTHER ORDERED** that Defendants Darkstar Group, LTD; Ajax Group, LLC; and Alexander L. Shogren shall fully respond to Centrinex's First Request for Production of Documents and Things served on April 17, 2013, within fourteen (14) days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendants shall show cause, in writing, on or before September 20, 2013, why Defendants, jointly and severally, and/or Defendants' counsel should not be required to pay the reasonable attorneys' fees and expenses Centrinex incurred in filing its Motion to Compel. Centrinex shall have seven (7) days after Defendants' filing to respond, if they so choose. Defendants may file any reply within seven (7) days of Centrinex's response.

Dated this 6th day of September, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[14] *See* Fed. R. Civ. P. 37(b).