**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **CENTRINEX, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number 12-2300-SAC/KGS |
| | ) | |
| **DARKSTAR GROUP, LTD, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF CENTRINEX, LLC'S**
**MEMORANDUM IN SUPPORT OF ITS**
**MOTION  FOR ENTRY OF JDUGMENT**

**COMES NOW** Plaintiff Centrinex, LLC ("Centrinex"), by and through its attorneys, and for

its Memorandum in Support of its Motion for Entry of Judgment states as follows:

**Factual Background**

The Court's Order of May 14, 2014 [Dkt. 84] sets forth the tortured history of this case with

the exception of the last events to be addressed by the Court, which directly arise from that Order.

Following are a few more bullet points to add:

- To memorialize the oral rulings made by the Court at the May 12, 2014 status conference, the Court issued its Order, requiring:

  - Defense counsel to electronically file within seven (7) days of the date of the Order a notice with the Court of all current contact information of defendant Alexander L. Shogren;
  - Defense counsel to electronically file with seven (7) days of the date of the Order a notice with the Court of all current contact information of defendants Darkstar Group, Ltd. and Ajax Group, LLC; and
  - Defendant Shogren was ordered to appear within thirty (30) days from the date of the Order at the office of Centrinex's counsel for his deposition

- On May 14, 2014, Centrinex filed its Notice of Deposition Duces Tecum [Dkt. 85], which was properly served on counsel for defendants, for the deposition of defendant Shogren on May 29, 2014 at the offices of counsel for Centrinex.

1

- Due to the repeated failures of defendants and their counsel to timely respond to Court ordered deadlines, counsel for Centrinex placed a call to defendants' lead counsel on May 27, 2014 to confirm that defendant Shogren would be appearing as ordered and noticed, and to inquire as to the contact information which was not provided within seven (7) days of the Court's Order – that call went unreturned.

- Centrinex's counsel placed another call to defendants' lead counsel on the morning of May 28, 2014 in that same regard, and sent an email as well, neither of which were returned. Local counsel for defendants did respond, saying "Mark, I haven't heard a word on this. Chuck." Centrinex's counsel replied to all, asking for lead counsel to please call that day. A copy of this email string is attached as Exhibit 1.

- Centrinex's counsel placed yet another call in the afternoon of May 28, 2014, as the deposition was to occur the following morning. Finally, at 3:45 p.m. defendants' lead counsel called Centrinex's counsel, apologized for not responding saying that the Court's Order and the Notice of Deposition had been lost in his spam filter, stated that defendant Shogren had no knowledge of the deposition to be held the next day, and promised to file the notice of contact information that was due the previous week.

- Attached hereto as Exhibit 2 is a copy of the transcript evidencing defendant Shogren's failure to attend his scheduled deposition.

- It should be noted that even though defendants' lead counsel has pled ignorance of the Court's Order and the Notice of Deposition, defendants' local counsel received the same filings and has never disputed receipt of the same.

## Argument and Authorities

While issues do occur with regard to electronic mails, defendants, by and through their counsel, were on notice on May 12th as to the requirement for the contact information and more importantly the obligation for defendant Shogren to attend a deposition within 30 days. Too many times in this case have defendants and their counsel failed to follow court orders – which has prompted months and months of delays and a significant financial cost to Centrinex that it should not have had to incur. Add this to the long history of this case, not to mention the specific withdrawal of all defenses in this matter by defendants found in paragraphs 5 and 6 their Defendants' Response to the Order to Show Cause with Verification by Counsel [Dkt. 59] which has never been retracted,

modified or otherwise terminated[1], make this matter ripe for imposition of judgment against defendants on all of Centrinex's causes of action, and the determination of damages with regard to those causes of action. Attached hereto as Exhibit 3 is proposed form of Judgment which is substantially the same as that which had been provided to defendants' counsel back in October of 2013 after defendants withdrew all defenses. Should the Court determine to adopt this form, a separate submittal will be necessary to show the total attorney fees and expenses incurred by Centrinex herein for inclusion in the final form of judgment that is entered.

All of the digressions of defendants are well documented with the Court already, which has led it hold open the issue of applicable sanctions for defendants and their counsel since last September as noted in its September 6, 2013 Memorandum and Order [Dkt. 57]. Due to the already memorialized history, it will not be repeated here.

Defendants' withdrawal of their defenses, combined with the non-excusable conduct in May of this year ignoring the Court's orders and Mr. Shogren failing to appear for his deposition, merit a complete striking of defendants' pleadings if the withdrawal of their defenses alone is not enough to enter judgment in favor of Centrinex at this time.

Striking of pleadings for failure to obey a court order or produce discovery is an appropriate sanction pursuant to Rule 37(b)(2)(C). In this case, defendants have exhibited a continual blatant disregard of the Court's orders and the discovery rules. That conduct has been found sufficient to strike pleadings. *ICE Corp. v. Hamilton Sundstrand Inc*., 05-4135-JAR, 2007 WL 3037467 (D. Kan. Aug. 9, 2007) report and recommendation adopted, 05-4135-JAR, 2007 WL 3026641 (D. Kan. Oct. 12, 2007).

---

1 The Court's May 14, 2014 Order [Dkt. 84] notes that the defendants counsel were no longer authorized to agree to the entry of a consent judgment – which came about after punitive damages were beginning to be discussed – but at no point did defendants attempt to unwind their withdrawal of all defenses. Further, Centrinex relied upon that

Further, even after being warned by the Court on multiple occasions in status conferences and in Orders resulting therefrom and granting Centrinex's various motions to compel and for sanctions, defendants continued to ignore Court orders and failed to provide discovery, culminating with Shogren's failure to appear at his Court-ordered deposition. The reason for the failure to appear was wholly insufficient and not credible – that the Court's Order and the deposition notice was lost in lead counsel's spam box[2]. This ignores lead counsel's participation in the status conference that generated that Order wherein the Judge articulated the order to appear, and ignores the fact that defendants' local counsel received the same filings and made no showing that he did not receive those filings. For those reasons too, defendants' pleadings should be struck and judgment entered in favor of Centrinex. Sanctions pursuant to Rule 37(b)(2)(B) appropriate under the circumstances. *See Wesley v. MP Next Level, LLC*, 06-4070-SAC, 2008 WL 576200 (D. Kan. Feb. 29, 2008), report and recommendation adopted, 06-4070-SAC, 2008 WL 750355 (D. Kan. Mar. 19, 2008)

In the context of a plaintiff who is culpable, the factors relevant to this inquiry, which are not to be used as a "rigid test," are: (1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the Court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions. *Carter v. IPC International Corp*., 208 F.R.D. 320, 322 (D.Kan. 2002).

Applying similar factors here, and the result is obvious. Defendants' actions, or rather inactions, completely and consistently interfered with the judicial process. Centrinex was prejudiced severely, in time, expense and inability to obtain relevant discovery. Defendants have stated no good

---

withdrawal in proceeding in this action.

2 Lead counsel had never claimed that any of the prior electronic filings of which he was noticed was lost in his spam box – over 80 filings by that point in time.

reason for their inactions. The Court has taken prior notice of that fact. Defendants were warned on many occasions of the repercussions of their conduct. Finally, given the time, expense and prejudice, there is no other effective sanction but to strike the pleadings completely and enter judgment in favor of Centrinex as proposed.

As the Court will see, in the proposed form of judgment, along with the undisputed actual damages of $145,761.78, with interest at the contract rate of 18% from and after January 17, 2012, a suggested amount for punitive damages has been included in the amount of $400,000, which is twice the amount of the principal amount of actual damages plus the estimated attorney fees and expenses incurred herein. It also provides for Centrinex's attorney fees, but that amount will need to be determined by a separate filing of an affidavit of counsel showing the fees and expenses as is the normal course in litigation such as this.

With regard to the actual damages, they have been undisputed in the case since the time that Centrinex first filed for a prejudgment attachment back on September 27, 2012 [Dkt. 21 and 22]. Centrinex incorporates by this reference the Affidavit of Bart Miller attached to that memorandum in support of that motion as verified proof of the actual damages incurred herein.

Because defendant Shogren failed to produce sufficient discovery to show his net worth, and failed to appear at his deposition where one of the specific topics was to be the determination of his net worth, assets and liabilities[3]. The only information that was ever produced, after numerous Court orders were ignored, were two tax returns for each of Shogren and Darkstar. These returns didn't reveal Shogren's net worth or that of Darkstar, which was a major prompting factor for Centrinex wanting to take Shogren's deposition in May of 2014. Without this information, it was impossible to

---

3  The Court should refer to Exhibit A to the Notice of Deposition Duces Tecum [Dkt. 85] which specifically lists 19 areas of documents and information to be produced obviously geared at this topic. None of those documents have ever been produced, save tax returns for Shogren and Darkstar for 2011 and 2012.

determine punitive damages under K.S.A. 60-3702 which would be applicable to this case. ***See*** K.S.A. 60-3702; ***ICE Corp, supra, Vance v. Midwest Coast Transport, Inc.***, 314 F.Supp.2d 1089 (D.Kan. 2004). Under the circumstances, the suggestion of $400,000 is certainly reasonable and appropriate as a minimum.

Lastly, the Court has withheld ruling for quite some time on the imposition of sanctions in the form of attorney fees and expenses relating to the discovery violations and conduct of both defendants and their counsel. It is appropriate at this time to impose those sanctions. Since the sanctions already requested herein on defendants would include those amounts – and it appears that all of defendants may be either out of business or judgment proof - it is just left to the Court to impose sanctions on defendants' counsel. Though facially counsel has articulated cooperation and good faith in this case, the repeated issues with discovery, failure to communicate with their clients, the Court and opposing counsel, make it appropriate to enter a monetary sanction for attorney fees and expenses against defendants' counsel at this time. Centrinex would propose that it provide an affidavit of its counsel showing the attorney fees and expenses which Centrinex incurred related to the conduct of defendants' counsel throughout the discovery process, and that amount be awarded by the Court in favor of Centrinex.

**WHEREFORE**, Centrinex respectfully requests the Court enter Judgment against defendants, jointly and severally, in the form of the proposed Judgment attached hereto as Exhibit 3; impose sanctions for discovery and other conduct in this matter on defendants' counsel in an amount to be determined; and for such other relief as this Court deems just and proper.

Respectfully submitted,

**MLF, LLC**


By  *s/ Mark D. Murphy*                                  
    **MARK D. MURPHY**, #13129
    mmurphy@mlf-llc.com
    7113 West 135th Street, Suite 312
    Overland Park, Kansas 66223
    (913) 647-8090
    Fax (913) 667-2435

Attorneys for Plaintiff Centrinex, LLC


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 5th day of September 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Joseph D. Garrity, Esq. | Charles T. Engel, Esq. |
| Garrity-Weiss, PA | Engel Law, P.A. |
| 1002 E. Newport Center Dr., Ste 102 | 800 SW Jackson, Ste. 1000 |
| Deerfield Beach, Florida  33442 | Topeka, Kansas 66612 |
| jgarrity@gwlawfirm.net | chuck@engellawpa.com |

Attorneys for Defendants Darkstar Group, Ltd., AJAX Group, Ltd and Alexander L. Shogren


   */s/ Mark D. Murphy*                          
Attorney for Plaintiff Centrinex, LLC

## Mark Murphy

| | |
|---|---|
| **From:** | Mark Murphy <mmurphy@sandbergphoenix.com> |
| **Sent:** | Wednesday, May 28, 2014 3:39 PM |
| **To:** | Charles Engel |
| **Cc:** | 'Joe Garrity' |
| **Subject:** | RE: Shogren Deposition [SPVG-LIB1.FID557783] |
| **Importance:** | High |

Joe – please call me today. I will be here until about 5 my time.

Mark

Mark D. Murphy
Counsel
Sandberg Phoenix & von Gontard P.C.
7450 West 130th Street, Suite 140
Overland Park, Kansas 66213-2665
Direct: 913-647-8090
Tel: 913-851-8484
Fax: 913-851-3737
mmurphy@sandbergphoenix.com
http://www.sandbergphoenix.com



Missouri & Kansas Super Lawyer
Member of Online Lenders Alliance
Member of The Network of Trial Law Firms
Member of Missouri Organization of Defense Lawyers

CONFIDENTIALITY NOTICE:
This e-mail message and any attachments are confidential, and may contain information that is privileged, attorney-client communication or work product. If you have received this communication in error, please immediately notify the sender at 314-231-3332 or by reply e-mail, and delete this e-mail message and any attachment(s) from your system.

IRS CIRCULAR 230 NOTICE:
To comply with the requirements imposed by the Internal Revenue Code, to the extent this e-mail, including attachments, contains an opinion on one or more Federal tax issues, such opinion was not written to be used and cannot be used for the purpose of avoiding penalties. If you would like a formal written opinion on a particular tax matter which you can rely for the purpose of avoiding penalties, please contact us.

**From:** Charles Engel [mailto:chuck@engellawpa.com]
**Sent:** Wednesday, May 28, 2014 1:03 PM
**To:** Mark Murphy
**Cc:** 'Joe Garrity'
**Subject:** RE: Shogren Deposition [SPVG-LIB1.FID557783]
**Sensitivity:** Confidential

Mark, I haven't heard a word on this. Chuck

1

EXHIBIT 1

**From:** Mark Murphy [mailto:mmurphy@sandbergphoenix.com]
**Sent:** Wednesday, May 28, 2014 12:28 PM
**To:** jgarrity@gwlawfirm.net; chuck@engellawpa.com
**Subject:** Shogren Deposition [SPVG-LIB1.FID557783]
**Importance:** High
**Sensitivity:** Confidential

I have not heard back from you on this. Is your client going to attend tomorrow? I have not seen your submittal of the contact information ordered by the court in our last hearing that was due by last Wednesday.

Please let me know as soon as possible.

Thanks.

Mark

Mark D. Murphy
Counsel
Sandberg Phoenix & von Gontard P.C.
7450 West 130th Street, Suite 140
Overland Park, Kansas 66213-2665
Direct: 913-647-8090
Tel: 913-851-8484
Fax: 913-851-3737
mmurphy@sandbergphoenix.com
http://www.sandbergphoenix.com



Missouri & Kansas Super Lawyer
Member of Online Lenders Alliance
Member of The Network of Trial Law Firms
Member of Missouri Organization of Defense Lawyers

CONFIDENTIALITY NOTICE:
This e-mail message and any attachments are confidential, and may contain information that is privileged, attorney-client communication or work product. If you have received this communication in error, please immediately notify the sender at 314-231-3332 or by reply e-mail, and delete this e-mail message and any attachment(s) from your system.

IRS CIRCULAR 230 NOTICE:
To comply with the requirements imposed by the Internal Revenue Code, to the extent this e-mail, including attachments, contains an opinion on one or more Federal tax issues, such opinion was not written to be used and cannot be used for the purpose of avoiding penalties. If you would like a formal written opinion on a particular tax matter which you can rely for the purpose of avoiding penalties, please contact us.

*Cm*

EXHIBIT 2

```
 1            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
 2

 3

 4     CENTRINEX, LLC,              )
                                    )
 5              Plaintiff,          )
                                    )
 6     v.                           )  No. 12-2300-SAC/KGS
                                    )
 7     DARKSTAR GROUP, LTD,         )
       et al.,                      )
 8                                  )
                Defendants.         )
 9

10

11

12

13

14                     ORIGINAL

15

16

17

18            SCHEDULED DEPOSITION OF ALEXANDER L.

19     SHOGREN, a Defendant, taken on behalf of the

20     Plaintiff before Kelsie E. Kaufman, KS CCR No.

21     1689, pursuant to Notice on the May 29, 2014, at

22     the offices of Sandberg Phoenix & Von Gontard

23     P.C., 7450 West 130th Street, Suite 140, Overland

24     Park, Kansas 66213.

25
```

COOPER MOELLER COURT REPORTING & VIDEOGRAPHY

2001 Grand Boulevard · Suite 204 · Kansas City, MO 64108
ph 816.474.3376 · toll-free 877.476.depo · fax 816.474.3375
www.coopermoeller.com

1                    A P P E A R A N C E S

2

       FOR THE PLAINTIFF:
3
           Mr. Mark D. Murphy
4          SANDBERG PHOENIX & VON GONTARD P.C.
           7450 West 130th Street
5          Suite 140
           Overland Park, Kansas 66213
6          913.851.8484
           mmurphy@sandbergphoenix.com
7

8      FOR THE DEFENDANTS:

9          No appearance.

10

11                       I N D E X

12     WITNESS:                              PAGE:

13         ALEXANDER L. SHOGREN

14     Examination by Mr. Murphy                  3

15

16                     E X H I B I T S

17     EXHIBIT:    DESCRIPTION:              PAGE:

18     Exhibit 1    Court order                   3

19     Exhibit 2    Notice                        4

20     Exhibit 3    Notice                        4

21     REPORTER'S NOTE:  Exhibits were attached to the

22     original transcript.

23

24

25

**COOPER MOELLER COURT REPORTING & VIDEOGRAPHY**

2001 Grand Boulevard · Suite 204 · Kansas City, MO 64108
ph 816.474.3376 · toll-free 877.476.depo · fax 816.474.3375
www.coopermoeller.com

1          (Deposition commenced at 8:59 a.m.)

2               MR. MURPHY: We're here today on a

3     deposition that was scheduled in this case

4     pursuant to a Court order. I'm going to hand the

5     court reporter and have her mark a copy of the

6     order as Exhibit 1.

7               (Shogren Deposition Exhibit No. 1

8     was marked for identification.)

9               MR. MURPHY: So we've marked

10    Exhibit 1, a copy of the Court's order, that was

11    entered on May 14th of 2014 with regard to a

12    May 12, 2014, status conference that was attended

13    by myself and the two lawyers for the defendants,

14    Charles Engel and Joseph Garrity. At that time,

15    the Court indicated in the conference that the

16    counsel for the defendants were required to

17    within seven days from that time to make a filing

18    with the Court of all current contact information

19    for each of the three defendants including

20    business, residential address, phone numbers,

21    e-mail addresses.

22          Also, in that conference and in the

23    Court order that's marked as Exhibit 1, Defendant

24    Shogren was ordered to personally appear here in

25    this office within 30 days from the date of the

**COOPER MOELLER COURT REPORTING & VIDEOGRAPHY**

2001 Grand Boulevard · Suite 204 · Kansas City, MO 64108
ph 816.474.3376 · toll-free 877.476.depo · fax 816.474.3375
www.coopermoeller.com

1    order to appear for his deposition.

2                    (Shogren Deposition Exhibit No. 2

3    was marked for identification.)

4                    MR. MURPHY:  What we've marked as

5    Exhibit 2 for this deposition is a notice of

6    deposition duces tecum that was filed with the

7    Court on May 14th of 2014.  Both the order and

8    this notice of deposition was served

9    electronically on the counsel for all three of

10   the defendants.

11                   (Shogren Deposition Exhibit No. 3

12   was marked for identification.)

13                   MR. MURPHY:  Marked as Exhibit 3 for

14   this deposition is a document that was filed late

15   last evening, it's entitled, "Garrity-Weiss, PA,

16   Notice of Filing and Motion to Withdraw" and this

17   document purports to list the last known mailing

18   address and phone numbers for the three defendants

19   and an e-mail address for Mr. Shogren.  The

20   document recites in paragraph 4 that Mr. Garrity

21   upon receiving a call from me on that date, which

22   is May 28th, realized that the order and notice

23   of deposition were received by him on May 14th,

24   but were filtered to his junk mail.

25                   He states in that paragraph that I was

**COOPER MOELLER COURT REPORTING & VIDEOGRAPHY**

2001 Grand Boulevard · Suite 204 · Kansas City, MO 64108
ph 816.474.3376 · toll-free 877.476.depo · fax 816.474.3375
www.coopermoeller.com

1    calling to confirm the deposition on that date,

2    May 28th. However, he did not mention that I had

3    also called a previous day, left a message that

4    was unreturned, and earlier that day, yesterday,

5    I had sent an e-mail that was, likewise, not

6    responded to, and I called one other time after

7    that to follow up, and then he finally returned

8    the call in response to that.

9        It's now 9:03 in the morning, no one has

10    appeared for the deposition as I was informed

11    yesterday they would not. The purpose of this is

12    to make a record of the nonappearance in spite of

13    the Court's order that was issued in the May 12th

14    conference as was reiterated in the order that

15    was itself filed on May 14th.

16        (Deposition concluded at 9:03 a.m.)

17         (Whereupon, it was stipulated by

18    counsel and the witness that submission of the

19    transcribed deposition to the witness for

20    examination, reading and signing is waived and

21    that said deposition shall possess the same force

22    and effect as though read and signed by the

23    witness.)

24

25

**COOPER MOELLER COURT REPORTING & VIDEOGRAPHY**

2001 Grand Boulevard · Suite 204 · Kansas City, MO 64108
ph 816.474.3376 · toll-free 877.476.depo · fax 816.474.3375
www.coopermoeller.com

```
 1                    C E R T I F I C A T E

 2

 3            I, Kelsie E. Kaufman, a Certified Court

 4     Reporter of the State of Kansas, do hereby

 5     certify:

 6             That prior to being examined the

 7     witness was by me duly sworn;

 8             That said deposition was taken down by

 9     me in shorthand at the time and place

10     hereinbefore stated and was thereafter reduced to

11     writing under my direction;

12             That I am not a relative or employee or

13     attorney or counsel of any of the parties, or a

14     relative or employee of such attorney or counsel,

15     or financially interested in the action.

16             WITNESS my hand and seal this 29th day

17     of May, 2014.

18

19

20     _____

21          Kelsie E. Kaufman, KS CCR #1689

22

23

24

25
```

**COOPER MOELLER COURT REPORTING & VIDEOGRAPHY**

2001 Grand Boulevard · Suite 204 · Kansas City, MO 64108
ph 816.474.3376 · toll-free 877.476.depo · fax 816.474.3375
www.coopermoeller.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CENTRINEX, LLC,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )          Case No. 12-2300-SAC
                                         )
DARKSTAR GROUP, LTD, *et al.*,           )
                                         )
                    Defendants.          )

## ORDER

On May 12, 2014, the undersigned U.S. Magistrate Judge, K. Gary Sebelius conducted a

status conference in this case with the parties. Plaintiff appeared through counsel, Mark D.

Murphy. Defendants appeared through counselors, Charles T. Engel and Joseph D. Garrity.

During the status conference, defendants' counsel announced they were no longer authorized to

agree to the entry of a consent judgment.

A brief history of this matter is as follows:

- On May 20, 2012, plaintiff filed a complaint against defendants Darkstar Group, Ltd., Ajax Group, LLC, and Alexander L. Shogren seeking injunctive relief and alleging violations of the Kansas Uniform Trade Secrets Act, breach of contract, tortuous interference, and fraud.

- After the court ruled on various motions (e.g., motion for default judgment (ECF No. 5), motion for extension of time to answer (ECF No. 7), motion to dismiss for lack of jurisdiction (ECF No. 11), motion to quash service of process (ECF No. 12), and motion for prejudgment attachment (ECF No. 21)), the court held a scheduling conference on November 7, 2012.

- On November 8, 2012, the court entered a scheduling order that established a discovery deadline of April 19, 2013, a final pretrial conference to be held on May 8, 2013, and a dispositive motion deadline of May 22, 2013.

- On March 13, 2013, the court held a status conference in this matter.



Shogren

Exhibit No. ____

5/29 COOPER MOELLER ____

- On March 20, 2013, the parties filed a joint motion to amend scheduling order (ECF No. 37) because formal discovery had not occurred due to, in part, the parties' ongoing efforts to resolve this matter.

- On March 21, 2013, the court, after finding good cause, granted the joint motion (ECF No. 37), which extended case management deadlines by approximately three additional months. The discovery deadline was extended to July 22, 2013; the final pretrial conference was reset to August 7, 2013; and the dispositive motion deadline was extended to August 21, 2013.

- On July 25, 2013, plaintiff filed a motion to amend the scheduling order (ECF No. 42) alleging defendants failed to respond to plaintiff's April 17, 2013 discovery request even after repeated reassurances that defendants would respond. That same day, plaintiff filed a motion for leave to file motion to compel discovery out of time (ECF No. 44) alleging the same failures by defendants.

- On August 2, 2013, the court granted plaintiff's motion for leave to file motion to compel discovery out of time (ECF No. 48). That same day, the court also issued an order granting plaintiff's motion to amend (ECF No. 49) based upon defendants' repeated failures to respond to plaintiff's April 17, 2013 discovery request. The discovery deadline was extended to October 18, 2013; the final pretrial conference was reset to November 6, 2013; and the dispositive motion deadline was extended to November 20, 2013.

- On August 2, 2013, plaintiff filed a motion to compel discovery and for sanctions (ECF No. 50).

- On September 6, 2014, the court granted plaintiff's motion to compel (ECF No. 57) due to, in part, defendants' failure to respond to plaintiff's discovery requests. The court also ordered defendants to show cause why discovery sanctions should not be issued against defendants, jointly and severally, and/or defendants' counsel.

- On September 13, 2013, defendants' counsel filed a motion to withdraw as counsel of record (ECF No. 58). Defendants' counsel's motion stated that none of the defendants have resources to continue to defend this action and that defendants have terminated their representation.

2

- On September 22, 2013, defendants filed a response (ECF No. 59) to the court's September 6, 2013 order to show cause why sanctions should not be issued. Defendants' response stated that defense counsel's efforts to procure discovery from the defendants have been unsuccessful. Defendants informed their counsel that, "in lieu of incurring more costs and fees that they are unable to pay in an attempt to comply with the Court's order compelling discovery, they have instead authorized [their] counsel to notify the Court, and the Plaintiff, in this response that Defendants' [sic] hereby withdraw all defenses in this matter and will allow the Plaintiff to seek an unopposed Final Judgment in its favor." In addition, defendants' response requested they not be sanctioned in light of their unopposed final judgment in this matter.

- On October 7, 2013, the court held a status conference in this case to discuss defendants' response to the court's order to show cause and defendants' counsel's motion to withdraw as counsel of record.

- On October 16, 2013, the court held a status conference in this case.[1] At this status conference, the court ordered defendants to produce on or before November 6, 2013, defendants' financial records relevant to this litigation as previously ordered in the court's September 6, 2013 Memorandum and Order (ECF No. 57). The Court also scheduled a status conference to take place on November 13, 2013.

- On October 28, 2013, the court suspended the final pretrial conference in light of the November 13, 2013 status conference.

- On November 13, 2013, the court held a status conference in this case. At this status conference, the court was informed that defendants had not complied with its previous orders requiring the production of documents as previously ordered. The court again ordered defendants to further produce on or before November 29, 2013, any and all documents as previously ordered in the court's September 6, 2013 Memorandum and Order (ECF No. 57). The Court also scheduled a status conference to take place on December 11, 2013.

- On December 11, 2013, the court held a status conference in this case. At this status conference, the court was again informed that defendants had not complied with its previous orders requiring the production of documents as previously ordered. The court issued a written order following an oral order made during the status conference (ECF No. 71). This written order required defendants to produce the following documents on or before December 23, 2013, to the extent they had not already been produced:

---

[1] The court notes that this status conference was originally set for October 11, 2013, but was rescheduled at the request of the parties. *See* ECF No. 65.

- On April 1, 2014, and at the request of the parties, the court rescheduled the April 2, 2014 status conference for April 9, 2014.

- On April 9, 2014, at the request of plaintiff's counsel and with defendants' consent, the April 9, 2014 status conference was rescheduled for April 29, 2014.

- On April 29, 2014, the court held a status conference in this case. The parties indicated that plaintiff provided a consent judgment to defendant and defendants' counsel was in the process of discussing it with defendants. The court scheduled another status conference for May 12, 2014.

- On May 12, 2014, the court held a status conference in this case. At the status conference, defense counsel stated that they no longer had authority from defendants to enter into a consent judgment.

As a result of the extensive history in this matter, the court made the following rulings at the May 12, 2014 status conference:

(1)    Defense counsel shall electronically file a notice with the court of all current contact information of defendant Alexander L. Shogren, including but not limited to, his residential address, his business address, his telephone number(s), and email address. Such notice shall be filed within seven (7) days.

(2)    Defense counsel shall electronically file a notice with the court of all current contact information of defendants Darkstar Group, Ltd., and Ajax Group, LLC, including but not limited to, the business' address, the business' registered agent's name and address, and the business' telephone number. Such notice shall be filed within seven (7) days.

(3)     Defendant Shogren (in his personal capacity and representative capacity for the other defendants) is ordered to personally appear for a sworn deposition to be conducted at plaintiff's counsel's office in Overland Park, Kansas, at the time noticed. Said deposition shall take place within thirty (30) days from the date of this order. If defendant Shogren fails to appear at this deposition, he and the other defendants shall be subject to sanctions up to and including a potential recommendation that the district judge enter judgment against *all* defendants as it has been represented by his counsel that he is the chief or managing officer of Darkstar Group, Ltd., and Ajax Group, LLC.

**IT IS SO ORDERED.**

Dated this 14th day of May, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CENTRINEX, LLC,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )    Case Number 12-2300-SAC/KGS
                                         )
DARKSTAR GROUP, LTD, ET AL.,             )
                                         )
                    Defendants.          )

## NOTICE OF DEPOSITION DUCES TECUM

Notice is hereby given that pursuant to Rules 30 and 34 of the Federal Rules of Civil

Procedure and this Court's Order of May 14, 2014, commencing at 9:00 a.m. on May 29, 2014,

at the offices of Sandberg Phoenix von Gontard, P.C., 7450 West 130th Street, Suite 140,

Overland Park, Kansas 66213, plaintiff, by its attorneys, will take the deposition, upon oral

examination of defendants Alexander L. Shogren individually and as representative of defendants

Darkstar Group, Ltd. and AJAX Group, LLC. Deponent is directed to and shall bring the

documents listed on Exhibit A attached hereto.

If the deposition is not completed before 6:00 p.m. on that date, it shall be continued from

day to day thereafter, at the same place and beginning at the same time of day, until completed.

The deposition is intended to be used for any lawful and proper purpose, including use at trial as

evidence, and may be recorded by audio, audio-visual and/or stenographic means.



1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CENTRINEX, LLC,

Plaintiff,                                    CASE NO. 12-2300-SAC/KGS

v.

DARKSTAR GROUP, LTD, AJAX GROUP,
LLC, and ALEXANDER L. SHOGREN,

Defendants.

## GARRITY-WEISS, P.A. NOTICE OF FILING AND MOTION TO WITHDRAW

COME NOW Garrity-Weiss, P.A. pursuant to this Court's Order and files the following

information with the Court:

1.      The last known mailing addresses and related phone numbers for the

Defendants are:

| Darkstar Group, Ltd. | AJAX Group, LLC | Alexander L. Shogren |
|---|---|---|
| 2nd Floor Yamraj Building | 560 Lincoln Road, Suite 305 | 315 Lake Ter |
| Road Town, Tortola, BVI | Miami Beach, FL 33139 | Delray Beach, FL 33444 |
| (561) 676-2080 | (305) 450-8460 | (561) 676-2080. |

2.      Upon information and belief the corporate entities no longer operate and Mr.

Shogren was the last known contact and officer of the corporate entities.  In addition, the

address given for Mr. Shogren is believed to still be accurate.

3.      Mr. Shogren e-mail address is alex@shogren.guru.

4.      Upon receiving a phone call from opposing counsel today the undersigned

realized that an order and notice of deposition were received on the May 14 but filtered to junk

mail.  Opposing counsel was calling to confirm the deposition scheduled for tomorrow but the

undersigned informed opposing counsel of the e-mail miscue.  The undersigned is filing this

Notice and sending the Order to the client at this time.

1



Exhibit No. 3
5|28 COOPER MOELLER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ CHARLES T. ENGEL
Charles T. Engel

## SERVICE LIST

Mark D. Murphy
The Murphy Law Firm, LLC
7400 West 130th Street, Suite 130
Overland Park, KS 66213-2659
*Notification of electronic filing generated by CM/ECF system*

Darkstar Group, Ltd.
c/o Alexander L. Shogren
315 Lake Ter
Delray Beach, FL 33444
*Notification of electronic filing sent by certified mail*

AJAX Group, LLC
560 Lincoln Road, Suite 305
Miami Beach, FL 33139
*Notification of electronic filing sent by certified mail*

Alexander L. Shogren
315 Lake Ter
Delray Beach, FL 33444
*Notification of electronic filing sent by certified mail and email*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **CENTRINEX, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number 12-2300-SAC/KGS |
| | ) | |
| **DARKSTAR GROUP, LTD, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL ORDER AND JUDGMENT

Upon the motion of plaintiff Centrinex, LLC and for good cause shown, the Court hereby makes the following findings of fact, conclusions of law, and final judgment in favor of Centrinex as follows:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.     Centrinex is a limited liability company organized and existing pursuant to the laws of the state of Nevada, and has its principal place of business located in the state of Kansas.

2.     Darkstar Group, Ltd is a corporation organized and existing pursuant to the laws of British Virgin Islands and at all times relevant hereto was conducting its principal business operations from Miami Beach, Florida at 560 Lincoln Road, Suite 305, Miami Beach, Florida  33139.

3.     AJAX Group, Ltd. is a limited liability company organized and existing pursuant to the laws of the state of New York and at all times relevant hereto was conducting its principal business operations from Miami Beach, Florida at 560 Lincoln Road, Suite 305, Miami Beach, Florida  33139.

# EXHIBIT 3

4.     Shogren is an individual resident of the state of Florida, and at all times relevant hereto was a principal of both Darkstar and AJAX.

5.     Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between Centrinex and each of the defendants and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000). Jurisdiction also exists in this Court due to the principles of pendant jurisdiction.

6.     Personal jurisdiction over defendants exist in this Court in that defendants have (i) transacted business within the state of Kansas; (ii) entered into an express or implied contract, by mail or otherwise, with a resident of the state of Kansas to be performed in whole or in part by either party in such state; and (iii) commission of a tortious act within the state of Kansas.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c) in that Centrinex resides in this judicial district, and their claims against defendants arose in this judicial district.

8.     Centrinex has particular and specialized experience, expertise, and trade secrets in the payday loan industry and support for those operations by way of its call center services it provides to others.

9.     On or about September 22, 2012, Centrinex and Darkstar entered into a Customer Service Outsourcing Agreement ("Agreement"), providing for the provision of call center services by Centrinex on behalf of Darkstar with regard to its payday lending business.

10. Pursuant to the Agreement, Darkstar would utilize the services of Centrinex for a 2-year term commencing on the date of the Agreement.

11. On January 17, 2012, without proper notice under the Agreement, Darkstar, by and through its affiliate AJAX, sent notice that it was terminating the Agreement effective 8:00 a.m. EST that same day and locked Centrinex out from the software to which it required access to provide services and to bill for services it did provide.

12. Pursuant to the Agreement, defendants are liable for Centrinex's legal fees and expenses incurred herein.

13. Centrinex has incurred reasonable attorney fees and expenses of _____ Dollars ($_____) as a result of defendants' breaches and wrongful actions.

14. Pursuant to the Agreement, defendants are liable for interest at the contact rate of eighteen percent (18%) on all damages from and after January 17, 2012.

15. AJAX was formed in the state of New York on September 21, 2011, the day before Darkstar signed the Agreement.

16. Darkstar, Shogren and AJAX intended from the inception of the Agreement to improperly learn Centrinex's trade secrets – its confidential trade information, patterns, programs, methods, techniques and processes and once that was accomplished take them and use them for them for their own benefit and profit.

17. Darkstar made the decision to approve or not approve loans which were worked upon by Centrinex under the Agreement, and then if approved caused them to be funded from its operations in Florida.

18.     Centrinex filed its 5-count Complaint with this Court on May 20, 2012.

19.     Each of the defendants hereto hereby knowingly and voluntarily waive any and all right to appeal or seek review of any kind regarding this Judgment or any part hereof.

## Count I – Injunctive Relief Pursuant to Fed.R.Civ.P. 65

20.     The Court finds that, without the entry of a permanent injunction, Centrinex will suffer irreparable harm at the hands of Defendants, who will otherwise use or continue to use Centrinex's trade secrets for their own benefit.

21.     The present and future injury to Centrinex outweighs whatever damage a permanent injunction may cause Defendants.

22.     The public interest is not harmed by the entry of a permanent injunction against Defendants enjoining their use of Centrinex's trade secrets.

23.     Centrinex is without an adequate remedy at law and, therefore, is entitled to an injunction restraining defendants from the aforesaid conduct.

24.     Due to the nature and particular facts of this action, including the contractual agreement of Darkstar to waive any requirements of bond or surety, Centrinex is not be required to post any bond, as allowed by Fed.R.Civ.P. 65.

## Count II— Action Pursuant to Kansas Uniform Trade Secrets Act

25.     The Court finds that the confidential trade information, patterns, programs, methods, techniques, and processes of Centrinex have an independent economic value because such information is not generally known or readily ascertainable by the public.

26.     Defendants misappropriated the trade secrets of Centrinex by using improper means to acquire knowledge of said trade secrets—namely, entering into the Agreement with Centrinex for the express purposes of learning its trade secrets.

27.     Without the intervention of this Court, defendants may use or continue to use and/or disclose some or all of the confidential and proprietary information belonging to Centrinex, constituting misappropriation under the Kansas Uniform Trade Secrets Act, 60-3320, *et seq.* ("KUTSA").

28.     Because of the actions of defendants as described herein, Centrinex has a good faith reason to believe that its business interests are being compromised by defendants.

29.     Centrinex is without an adequate remedy at law and, therefore, is entitled to a permanent injunction restraining defendants from misappropriating, as that term is defined in the KUTSA, any of Centrinex's Trade Secrets.

30.     Due to the nature and particular facts of this action, and the contractual agreements of Darkstar, Centrinex is not be required to post any bond, as allowed by K.S.A. 60-903.

31.     Pursuant to K.S.A. 60-3322, defendants shall be ordered to pay all damages incurred by Centrinex resulting from its misappropriation of its Trade Secrets.

32.     Pursuant to K.S.A. 60-3323, defendants shall be ordered to pay all of Centrinex's costs and attorney fees incurred herein.

### Count III— Breach of Contract

33.      Centrinex has fully complied and satisfied all of its obligations and duties under the Agreement.

34. Darkstar has breached its obligations and duties under the Agreement as described herein.

35. By reason of the breaches of Darkstar, Centrinex has been damaged in the principal amount of One Hundred Forty-Five Thousand Seven Hundred Sixty-One and 78/100 Dollars ($145,761.78), plus interest at the contract rate of eighteen percent (18%) from and after January 17, 2012 until paid in full, plus Centrinex's reasonable attorney fees and expenses of _____ Dollars ($_____).

**Count IV— Tortuous Interference**

36. Centrinex had a business relationship with Darkstar with the probability of economic benefit to Centrinex.

37. AJAX and Shogren had knowledge of that relationship.

38. That except for the intentional malicious conduct of AJAX and Shogren, Centrinex was reasonably certain to continue that relationship and realize economic benefit.

39. That as a result of the misconduct of AJAX and Shogren, Centrinex has been damaged in the principal amount of One Hundred Forty-Five Thousand Seven Hundred Sixty-One and 78/100 Dollars ($145,761.78), plus interest at the contract rate of eighteen percent (18%) from and after January 17, 2012 until paid in full, plus Centrinex's reasonable attorney fees and expenses of _____ Dollars ($_____).

40. AJAX and Shogren acted in a willful, wanton and malicious manner toward Centrinex.

41.     As a result thereof, punitive damages in the amount of Four Hundred Thousand Dollars ($400,000) should be awarded to Centrinex and against Darkstar, AJAX and Shogren, jointly and severally.

**Count V— Fraud**

42.     Darkstar, separately and in conspiracy with AJAX and Shogren, made false representations as a statement of existing and material fact.

43.     That the representations were known to be false by Darkstar, AJAX and Shogren.

44.     That the representations were made intentionally for the purpose of inducing Centrinex to act upon them.

45.     That as a result of the false representations of Darkstar separately and in conspiracy with AJAX and Shogren, Centrinex has been damaged in the principal amount of One Hundred Forty-Five Thousand Seven Hundred Sixty-One and 78/100 Dollars ($145,761.78), plus interest at the contract rate of eighteen percent (18%) from and after January 17, 2012 until paid in full, plus Centrinex's reasonable attorney fees and expenses of _____ Dollars ($_____).

46.     Darkstar, AJAX and Shogren acted in a willful, wanton and malicious manner toward Centrinex.

47.     As a result thereof, punitive damages in the amount of Four Hundred Thousand Dollars ($400,000) should be awarded to Centrinex and against Darkstar, AJAX and Shogren, jointly and severally.

**IT IS THEREFORE ORDERED, ADJUDICATED AND DECREED that judgment be and hereby is entered as follows:**

**A.    Count I—Permanent Injunction:**    Each of defendants Darkstar Group, Ltd.., AJAX Group, Ltd., and Alexander L. Shogren are hereby permanently enjoined from using any of Centrinex's trade secrets comprised of its confidential trade information, patterns, programs, methods, techniques and processes, and further, judgment is entered against each of defendants Darkstar Group, Ltd., AJAX Group, Ltd. and Alexander L. Shogren, jointly and severally, for Centrinex's attorney fees and expenses in the amount of _____ Dollars ($_____), plus the costs of this action.

**B.    Count II—Kansas Uniform Trade Secrets Act:**    Each of defendants Darkstar Group, Ltd.., AJAX Group, Ltd., and Alexander L. Shogren are hereby permanently enjoined from using any of Centrinex's trade secrets comprised of its confidential trade information, patterns, programs, methods, techniques and processes, and further, judgment is entered against each of defendants Darkstar Group, Ltd., AJAX Group, Ltd. and Alexander L. Shogren, jointly and severally, for Centrinex's attorney fees and expenses in the amount _____ Dollars ($_____), plus the costs of this action.

**C.    Count III—Breach of Contract:**    Judgment in favor of Centrinex, LLC. and against Defendants Darkstar Group, LTC., AJAX Group, LLC., and Alexander L. Shogren, jointly and severally, in the principal amount of One Hundred Forty-Five Thousand Seven Hundred Sixty-One and 78/100 Dollars ($145,761.78), plus interest at the contract rate of eighteen percent (18%) from and after January 17, 2012 until paid in full, plus Centrinex's reasonable attorney fees and expenses of _____ Dollars ($_____), plus the costs of this action.

**D.     Count IV—Tortuous Interference:**     Judgment in favor of Centrinex, LLC. and against Defendants Darkstar Group, LTC., AJAX Group, LLC., and Alexander L. Shogren, jointly and severally, in the principal amount of  One Hundred Forty-Five Thousand Seven Hundred Sixty-One and 78/100 Dollars ($145,761.78), plus interest at the contract rate of eighteen percent (18%) from and after January 17, 2012 until paid in full, plus Centrinex's reasonable attorney fees and expenses of

_____ Dollars ($_____), punitive damages in the amount of Four Hundred Thousand Dollars ($400,000) , plus the costs of this action.

**E.     Count V—Fraud:**     Judgment in favor of Centrinex, LLC. and against Darkstar Group, LTC., AJAX Group, LLC., and Alexander L. Shogren, jointly and severally, in the principal amount of One Hundred Forty-Five Thousand Seven Hundred Sixty-One and 78/100 Dollars ($145,761.78), plus interest at the contract rate of eighteen percent (18%) from and after January 17, 2012 until paid in full, plus Centrinex's reasonable attorney fees and expenses of _____ Dollars ($_____), punitive damages in the amount of Four Hundred Thousand Dollars ($400,000), plus the costs of this action.

**IT IS FURTHER ORDERED, ADJUDICATED AND DECREED** that there being no just reason for delay, the Clerk of the Court is hereby directed to enter this Order.


_____
District Court Judge