## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CENTRINEX, LLC,                                )
                                               )
                    Plaintiff,                 )
                                               )
         v.                                    )        Case No. 12-2300-SAC
                                               )
DARKSTAR GROUP, LTC,                           )
AJAX GROUP, LLC, and                           )
ALEXANDER L. SHOGREN,                          )
                                               )
                                               )
                    Defendants.                )

## REPORT & RECOMMENDATION

This matter comes before the court upon plaintiff's Motion for Judgment (ECF No. 96). For the reasons explained below, the undersigned magistrate judge recommends that default judgment be entered in favor of the plaintiff, Centrinex, LLC.

### I.      Background

Plaintiff, Centrinex, LLC, filed a complaint against defendants Darkstar Group, Ltd., Ajax Group, LLC, and Alexander L. Shogren, on May 20, 2012, seeking injunctive relief and alleging violations of the Kansas Uniform Trade Secrets Act, breach of contract, tortious interference, and fraud. After the court ruled on various motions[1] it held a scheduling conference on November 7, 2012, and on November 8, 2012, entered its initial scheduling order.[2] On March 20, 2013, the parties filed a joint motion to amend the scheduling order[3] because they had put off formal discovery, instead focusing on efforts to resolve the case. On March 21, 2013, the court

---

[1] Mot. for Default J., ECF No. 5, Mot. for Extension of Time, ECF No. 7, Mot. to Dismiss for Lack of Jurisdiction, ECF No. 11, Mot. to Quash Service of Process, ECF No. 12, Mot. for Prejudgment Attach., ECF No. 21.

[2] Scheduling Order, ECF No. 29.

[3] Joint Mot. to Amend Scheduling Order, ECF No. 37.

granted the joint motion extending all deadlines by approximately three months.[4]  On July 25, 2013, plaintiff sought to further amend deadlines alleging that defendants failed to respond to plaintiff's April 17, 2013 discovery request for production of documents even after repeated reassurances that defendants would respond.[5]  That same day, plaintiff filed a motion for leave to file a motion to compel discovery out of time, alleging the same failures by defendants.[6]  On August 2, 2013, the court granted both motions.[7]

On August 2, 2013, plaintiff filed a motion to compel discovery and for sanctions.[8]  On September 6, 2013, the court granted the motion and ordered defendants to show cause why discovery sanctions should not be issued against them, jointly and severally, and/or against defendants' counsel.[9]  On September 13, 2013, defendants' counsel filed a motion to withdraw as counsel of record, explaining that none of the defendants had resources to continue to defend and that defendants had terminated their representation.[10]  On September 22, 2013, defendants filed a response to the court's order to show cause, claiming that defense counsels' efforts to procure discovery from defendants had been unsuccessful, and that, "in lieu of incurring more costs and fees that [defendants] are unable to pay in an attempt to comply with the Court's order compelling discovery, they have instead authorized counsel to notify the Court, and the Plaintiff, in this response that Defendants' [sic] hereby withdraw all defenses in this matter and will allow

---

[4] Order, ECF No. 39.

[5] Mot. to Amend Scheduling Order, ECF No. 42.

[6] Mot. for Leave to File Mot. to Compel Disc. Out of Time, ECF No. 44.

[7] Order, ECF Nos. 48–49.

[8] Mot. to Compel, ECF No. 50.

[9] Mem. & Order, ECF No 57.

[10] Mot. to Withdraw as Att'y, ECF No. 58.

the Plaintiff to seek an unopposed Final Judgment in its favor."  In addition, defendants'
response requested they not be sanctioned in light of their agreement not to oppose final
judgment in this matter.[11]

On October 7, 2013, the court held a status conference to discuss defendants' response to
the court's order to show cause and defendants' counsels' motion to withdraw.  On October 16,
2013, the court held a status conference and ordered defendants to produce on or before
November 6, 2013, their financial records relevant to this litigation as previously ordered in the
court's September 6, 2013 Memorandum and Order.[12]  At a November 13, 2013 status
conference, the court was informed that defendants had not complied with its previous orders
requiring the production of documents.  The court renewed its order for defendants to produce
financial records by November 29, 2013.  At a December 11, 2013 status conference, the court
was again informed that defendants had not complied with its previous orders. The court issued a
written order again requiring defendants to produce documents on or before December 23, 2013,
and that if they did not, requiring Mr. Shogren to personally appear for a sworn deposition on
January 8, 2014, at 9:30 a.m.[13]

At a March 10, 2014 status conference, the parties indicated that they were in the process
of exchanging proposed settlement documents.  After several continuances, the court held a
status conference on April 29, 2014, where the parties indicated that plaintiff had provided a
proposed consent judgment to defendants and defendants' counsel was in the process of
discussing it with them.

---

[11] Resp., ECF No. 59.

[12] Mem. & Order, ECF No. 57.

[13] Order, ECF No. 71.

At a May 12, 2014 status conference, defendants' counsel stated that they no longer had authority from defendants to enter into a consent judgment.  The court issued an order on May 14, 2014 again requiring Mr. Shogren to personally appear for his deposition, this time within thirty (30) days of the order, and warning that failure to appear could lead to sanctions, including a recommendation of default judgment.[14]  Defense counsel noticed the deposition of Mr. Shogren to occur on May 29, 2014.  Mr. Shogren did not appear.  On September 9, 2014 Centrinex, LLC filed its Motion for Judgment.[15]  In their response, defendants essentially concede liability for the claims being asserted against them, having "agreed to withdraw their defenses to the lawsuit . . ."[16]  However, defendants contend that plaintiff is not entitled to recover punitive damages.  This argument will be discussed below.  After defendants' counsel complied with previous court orders requiring them to file all defendants' current contact information, the court granted their motion to withdraw.[17]  Thereafter, this motion for judgment was referred to the undersigned's chambers for a report and recommendation.

## II.    Discussion

### a.  Default Judgment

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), the court may impose sanctions for a party's failure to obey a court order to provide or permit discovery, and such sanctions may include the entry of "default judgment against the disobedient party."  Whether to enter default judgment in

---

[14] Written Order Following Oral Order, ECF No. 84 (following the 5/15/14 status conference).

[15] Pl. Centrinex, LLC's Mot. for Judgment, ECF No. 96.

[16] Resp. to Pl.'s Mot. for J. at 1, ECF No. 100.

[17] Order, ECF No. 104.

an action for Rule 37 violations is within the court's discretion.[18]  The Tenth Circuit applies the
same analysis to determine the propriety of default judgment under Rule 37 as it does when
considering dismissal.  The court implements a cautionary approach, because default judgment
"represents an extreme sanction appropriate only in cases of willful misconduct."[19]  Because,
like dismissal, entry of default judgment "'defeats altogether a litigant's right to access to the
courts,' it should be used as 'a weapon of last, rather than first, resort.'"[20]  To ensure that default
judgment is just under the circumstances, in addition to the offending party's culpability, the
court considers the following factors: "(1) the degree of actual prejudice to the non-offending
party; (2) the amount of interference with the judicial process caused by the offending party; (3)
whether the court warned the offending party in advance that default judgment would be a likely
sanction for noncompliance; and (4) the efficacy of lesser sanctions."[21]  The "factors are non-
exhaustive and are not necessarily of equal weight."[22]  "Only when the aggravating factors
outweigh the judicial system's strong predisposition to resolve cases on their merits" is default
judgment appropriate.[23]  While the court has discretion to enter default judgment in an action

---

[18] *EBI Secs.Corp. v. Net Command Tech, Inc.*, No. 01-1524, 2003 WL 22995502, at *3 (10th Cir. Dec. 22, 2003).

[19] *Id.*

[20] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 2012) (citing *Meade v. Grubbs*, 841 F.2d 1512, 1520 n. 6 (10th Cir. 1988)).

[21] *EBI Secs. Corp.*, 2003 WL 22995502, at *3 (10th Cir. Dec. 22, 2003).

[22] *Anthony v. Alorica, Inc.*, Nos. 08-2437, 08-2438, 2009 WL 4611456, at *5 (D. Kan. Dec. 4, 2009).

[23] *Ehrenhaus*, 965 F.2d at 921 (citing *Meade v. Grubbs*, 841 F.2d 1512, 1521 (10th Cir. 1988) (listing the aggravating factors as the prejudice to the non-moving party, the interference with the judicial process, and the culpability of the litigant. *Id.* at n. 7)).

under Rule 37, it should do so "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. . ."[24]

Although the entry of default judgment is unopposed in this case, it is generally appropriate for the court to consider all factors before imposing it as a sanction.[25]  While Centrinex provided very little analysis of the factors, the history of misconduct in this case has been sufficiently documented in previous filings.  First, the court considers the degree of actual prejudice to the non-offending party.  Centrinex's attempts to conduct discovery in this case have been repeatedly frustrated by defendants' failure to respond and Mr. Shogren's failure to appear for his noticed deposition.  In fact, defendants' failure to participate in discovery has not only interfered with the judicial process, the second factor for consideration, but it has also utterly stalled any progress, through repeated deadline extensions and hearing continuances.  The third factor requires the court to consider whether the offending party was previously warned that failure to comply with court orders or to participate in discovery could lead to sanctions including a recommendation of default judgment to the district judge.  Defendants have been so warned.  Finally, the court does not find that lesser sanctions would be effective in this case. Defendants have not responded to the court's warning that monetary sanctions could be imposed, they have not complied with the court's orders, or participated in any meaningful way that would provide the court with any indication that they plan to participate in future.

Next, the court reviews the offending party's culpability—whether defendants' conduct was willful.  Defendants' counsel withdrew in this case due in part to their inability to get discovery responses from their clients.  Because Mr. Shogren is now a *pro se* plaintiff, he alone

---

[24] *Id.* (citing *Ehrenhaus v. Reynolds*, 965 F.2d at 921).

[25] *Ehrenhaus*, 965 F.2d at 922.

is responsible for participating in discovery.  Because he failed to appear at his noticed deposition, failed to turn over financial records as repeatedly ordered by the court, and has provided no explanation, the court finds he is culpable for his own failure to attend.  Mr. Shogren has filed nothing with the court suggesting that his lack of participation can be interpreted as anything but willful.  The corporate defendants have also failed to give any explanation for their complete lack of participation in discovery and for failing to obey court orders directing them to obtain counsel.  Because defendants' misconduct appears to be willful and every factor supports default judgment, the court shall recommend that judgment be entered in plaintiff's favor.

### b.   Damages

Centrinex seeks judgment on all claims against all defendants.  Because all claims were not brought against all defendants, the court has detailed which claims apply to which defendants and what relief is available under each claim.

### i.  Breach of contract

The breach of contract claim is brought solely against defendant Darkstar.  Under this claim, Centrinex is entitled to actual damages in the amount of $145,761.78, plus interest at the contract rate of 18% per annum, from and after January 17, 2012.[26]  These damages are not in dispute.[27]  The undersigned recommends that the district judge enter judgment against Darkstar in this amount.  Additionally, Centrinex is entitled to its attorney fees and costs under this claim.[28]  The undersigned recommends that the district judge direct plaintiff to file an application

---

[26] Mem. in Supp. of Prejudgment Attach., ECF No. 22, Exhibit 2, Aff. of Bart N. Miller at 2.

[27] *See*  Resp. to Pl.'s Mot. for J. at 2, ECF No. 100.

[28] Mem. in Supp. of Prejudgment Attach., ECF No. 22-1, Customer Service Outsourcing Agreement at 7.

for attorney fees and costs, indicating the amount of fees and costs sought, along with time records, affidavits, or other evidence supporting the amounts sought.

### ii. Trade Secrets

The claim for violation of the Kansas Trade Secrets Act is brought against all defendants. However, no evidence has been presented on the appropriate amount of damages under this claim. The court recommends that the district judge award Centrinex damages on this claim in an amount to be determined by the court. An evidentiary hearing may be necessary to determine the appropriate amount of damages. The statute also entitles plaintiff to its reasonable attorney fees and costs, which may be established by requiring plaintiff to file an affidavit or through evidence presented at any potential damages hearing.[29]

### iii. Tortious Interference

The tortious interference claim was made against defendants AJAX and Mr. Shogren only. The undersigned recommends that damages be assessed against AJAX and Mr. Shogren on this claim in an amount to be determined by the district judge.

### iv. Fraud

This claim is brought against all three defendants. The undersigned recommends that plaintiff be awarded damages on its fraud claim in an amount to be determined by the district court.

### v. Injunctive relief

Centrinex also seeks injunctive relief in this case, but the record evidence is insufficient to ascertain the precise nature of the relief requested. The undersigned recommends that

---

[29] K.S.A. 60-3323.

Centrinex be granted injunctive relief, the nature and extent of which to be determined by the district judge.

Although defendants' response in opposition to plaintiff's motion for judgment states that defendants withdraw their defenses,[30] plaintiff must still provide evidence to allow the court to determine the appropriate scope of any injunction and the amount of damages to which it is entitled.  Therefore an evidentiary hearing may be necessary to determine the amount of damages on those claims where no evidence has been presented and to determine the scope of injunctive relief appropriate in this case.[31]

### c.  Punitive damages

Centrinex requests an award of punitive damages in addition to actual damages, claiming that defendants acted willfully, wantonly, and maliciously so as to entitle it to an award of punitive damages.[32]  Defendants respond that plaintiff did not claim punitive damages in its complaint, and that plaintiff has not followed the required procedure for pleading punitive damages under Kansas law, specifically K.S.A. § 60-3703.[33]  It is well established in this district that K.S.A. § 60-3703 is purely procedural and does not apply in federal court.[34]  It is not necessary for a plaintiff in federal court to seek leave before filing its claim for punitive damages.  Under Fed. R. Civ. P. 55(b)(2), the court should accept as true the allegations of

---

[30] Resp. to Pl.'s Mot. for J. at 2, ECF No. 100.

[31] *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171–72 (10th Cir. 2011) (describing the court's discretion to conduct a hearing pursuant to Fed. R. Civ. P. 55(b)(2)).

[32] Pl. Centrinex, LLC's Mot. for J. at 5, ECF No. 96.

[33] Resp. to Pl.'s Mot. for J., ECF No. 100 (the Kansas statute requires parties to file a motion requesting leave of court to file an amended pleading to include punitive damages).

[34] *Metal Trading Servs. of Colo. Inc. v. Trans-World Servs.*, 781 F. Supp. 1539, 1546–47 (D. Kan. 1991), *Stewart v. Mitchell Transp.*, No. 01-2546, 2002 WL 1203650, at *1 (D. Kan. 2002), *Williams v. KOPCO, Inc.*, No. 94-1451, 1997 WL 321292, at *1 (D. Kan. 1997).

plaintiff's complaint, including the allegations that defendants acted in a willful, wanton, and malicious manner, and grant judgment for liability on those issues.[35]

Although the complaint in this case does not specifically use the term "punitive damages," it does assert that "AJAX and Shogren acted in a willful, wanton and malicious manner toward Centrinex" in its claim for tortious interference.[36]   Additionally, plaintiff's fraud claim alleges that all defendants acted in a willful, wanton and malicious manner.[37]   This court recommends that punitive damages be awarded.   At the scheduling conference, Mr. Shogren's unsuccessful deposition and in the plaintiff's notice for that deposition, plaintiff made its intent to seek punitive damages and its basis for seeking them clear.[38]   An evidentiary hearing may be necessary to determine the amount of punitive damages to be imposed regarding plaintiff's claims for tortious interference and fraud.

### d.   Discovery sanctions

Plaintiff also requests an imposition of discovery sanctions against the attorneys who formerly represented plaintiffs in the form of attorney's fees and costs.   On September 6, 2013 the court issued an order to show cause why defendants or defense counsel should not be sanctioned.[39]   Thereafter, defense counsel sought permission to withdraw,[40] responded to the order to show cause that counsel's good faith attempts to obtain discovery responses from

---

[35] *See, e.g.*, *Meitler Consulting, Inc. v. Dooley*, No. 05-2126-DJW, 2006 WL 4041752, at *2 (D. Kan. Nov. 1, 2006); *Beck v. Atl. Contracting Co.*, No. 93-2480-JWL, 1994 WL 608598, at *1 (D. Kan. Oct. 14, 1994).

[36] Compl. at 7, ECF No. 1.

[37] Compl. at 8, ECF No. 1.

[38] Notice of Dep., ECF No. 85, Exhibit A (requesting documents and information relevant to the determination of punitive damages to be produced).

[39] Mem. & Order, ECF No. 57.

[40] Mot. to Withdraw as Att'y, ECF No. 58.

defendants had failed, and that defendants terminated their representation due to insolvency.[41] The response further withdrew all defendants' defenses and allowed plaintiff to seek an unopposed final judgment.  The court considered the issue at its October 7, 2013 status conference, but did not award sanctions.

It is clear to the court that defendants—not their counsel—have demonstrated willful misconduct, worthy of sanctions.  Corporations may not appear *pro se*.[42]  A corporation's failure to retain counsel further opens it to the possibility of default.[43]  The corporate defendants were previously warned that failure to obtain counsel would expose them to the possibility of sanctions including an entry of default judgment.  The corporate defendants have not retained counsel despite multiple court orders requiring them to do so; however, the record also suggests that one or both of them are non-operational and insolvent.  The court further recommends that default judgment be entered against the corporate defendants on this ground, and finds that monetary sanctions are appropriate.  Mr. Shogren, as an individual defendant, is now appearing *pro se*.  He is likely the most culpable party with respect to discovery violations as he failed to appear at his deposition and refused to provide discovery responses to counsel, despite court orders to do so.  The plaintiff may file by **July 14, 2015**, an affidavit requesting costs and fees associated with the efforts to obtain discovery from defendants and the preparation for Mr. Shogren's noticed May 29, 2014 deposition, and motions resulting from his failure to appear. Mr. Shogren will have until **July 28, 2015** to respond.  The magistrate judge will consider the

---

[41] Resp., ECF No. 59.

[42] *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (explaining that the requirement has existed for over 200 years.)

[43] *Zimmerling v. Affinity Fin. Corp.*, 478 Fed. Appx. 505, 508 (10th Cir. 2012).

affidavit, any documentation of costs, and any response to determine the reasonable amounts to be imposed as a discovery sanction.

**III.     Conclusion**

After careful consideration, the court respectfully recommends that the district judge grant in most respects Centrinex, LLC's motion for judgment (ECF No. 96).  The undersigned recommends that default judgment be entered in plaintiff's favor.  It is further recommended with regard to the breach of contract claim that damages in the amount of $145,761.78 plus interest at the contract rate of 18% per annum, from and after January 17, 2012 be entered against defendant Darkstar and that the court determine the appropriate amount of attorney fees and costs to be awarded.    It is further recommended that damages be awarded on plaintiff's claims for violations of the Kansas Trade Secrets Act, tortious interference, and fraud.  It is further recommended that Centrinex be granted injunctive relief and punitive damages in an amount to be determined by the district judge.  A copy of this report and recommendation shall be sent to defendants via regular and certified mail with return receipt requested.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the parties may serve and file written objections to the report and recommendation within fourteen days after being served with a copy.

Accordingly,

**IT IS SO RECOMMENDED.**

Dated this 30th day of June, 2015, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
