IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CENTRINEX, LLC,

                    Plaintiff

          vs.                                    Case No. 12-2300-SAC

DARKSTAR GROUP, LTC,
AJAX GROUP, LLC, and
ALEXANDER L. SHOGREN,

                    Defendants.

MEMORANDUM AND ORDER

          The case comes before the court on the Magistrate Judge's

report and recommendation filed June 30, 2015. (Dk. 109). It recommends

granting in large part the plaintiff's motion for judgment (Dk. 96). The

defendants have filed no objections and have waived their right to de novo

review pursuant to 28 U.S.C. § 636(b)(1). *See Hill v. SmithKline Beecham

Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004) (There is a "firm waiver rule"

for review of all factual and legal questions to which a party has failed to

object to the magistrate judge's findings and recommendations. (citing

*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). The parties on

both sides have not submitted any objections or additional pleadings asking

the district court to modify or supplement the report and recommendation in

any respect.

After reviewing the record, the district court accepts, approves and adopts as its order the Magistrate Judge's report and recommendation as filed subject to the below paragraphs on damages. This report and recommendation and the orders referenced and incorporated therein fully detail the more than sufficient grounds for this extraordinary relief. In particular, the court highlights the following:

> On September 22, 2013, defendants filed a response to the court's order to show cause, claiming that defense counsels' efforts to procure discovery from defendants had been unsuccessful, and that, "in lieu of incurring more costs and fees that [defendants] are unable to pay in an attempt to comply with the Court's order compelling discovery, they have instead authorized counsel to notify the Court, and the Plaintiff, in this response that Defendants' [sic] hereby withdraw all defenses in this matter and will allow the Plaintiff to seek an unopposed Final Judgment in its favor." In addition, defendants' response requested they not be sanctioned in light of their agreement not to oppose final judgment in this matter.
> . . . On October 16, 2013, the court held a status conference and ordered defendants to produce on or before November 6, 2013, their financial records relevant to this litigation as previously ordered in the court's September 6, 2013 Memorandum and Order.12 At a November 13, 2013 status conference, the court was informed that defendants had not complied with its previous orders requiring the production of documents. . . .
> At a March 10, 2014 status conference, the parties indicated that they were in the process of exchanging proposed settlement documents. After several continuances, the court held a status conference on April 29, 2014, where the parties indicated that plaintiff had provided a proposed consent judgment to defendants and defendants' counsel was in the process of discussing it with them. At a May 12, 2014 status conference, defendants' counsel stated that they no longer had authority from defendants to enter into a consent judgment. The court issued an order on May 14, 2014 again requiring Mr. Shogren to personally appear for his deposition, this time within thirty (30) days of the order, and warning that failure to appear could lead to sanctions, including a recommendation of default judgment.14 Defense counsel noticed the deposition of Mr. Shogren to occur on May 29, 2014. Mr. Shogren did not appear. On September 9, 2014

2

> Centrinex, LLC filed its Motion for Judgment.  In their response, defendants essentially concede liability for the claims being asserted against them, having "agreed to withdraw their defenses to the lawsuit . . ." However, defendants contend that plaintiff is not entitled to recover punitive damages.

(Dk. 109, pp. 2-4) (footnotes omitted). The court grants default judgment against the defendants and for the plaintiff on the claims as pled. Default judgment is imposed as a proper and appropriate sanction pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi) for all the reasons stated in the report and recommendation.

With the entry of default judgment, "a defendant cannot defend a claim on the merits." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 n. 11 (10th Cir.) (citation omitted), *cert. denied*, 540 U.S. 1089 (2003); *see Meitler Consulting, Inc. v. Dooley*, 2007 WL 1834008 at *7 n.37, *8 n.39 (D. Kan. 2007) (entry of Rule 37(b) default judgment generally establishes liability for each pled action, for the defendant is deemed to have admitted all well-pled allegations other than allegations on damages). The plaintiff's "Motion for Entry of Judgment" (Dk. 97) proposes that the matter is ripe for imposing judgment and for determining damages. The plaintiff attaches a proposed form of judgment and explains that it "is substantially the same as that which had been provided to defendants' counsel back in October of 2013 after defendants withdrew all defenses." (Dk. 97, p. 3). The plaintiff's position is that the court could adopt that form and then entertain a separate submittal for attorneys' fees and expenses to be included in the

3

final judgment. Counsel for the defendants filed a limited opposition noting they did not have authority to work on this case but were filing this response out of an abundance of caution. Counsel stated that the defendants had withdrawn their defenses to the plaintiff's proof of the "undisputed actual damages of $145,761.78, with interest at the contract rate of 18% [per annum], from and after January 17, 2012," and that the plaintiff's efforts to collect punitive damages have "complicated this matter." (Dk. 100, p. 2). The court follows the magistrate judge's recommendation to accept this calculation of actual damages as undisputed. The district court, however, accepts this calculation of actual damages as an undisputed matter also applicable to other related damage claims as pleaded by the plaintiff and proposed in its form of judgment.

The court directs the entry of judgment on the following claims and in the following amounts subject to the additional proceedings noted herein.  For the Count Two Trade Secrets claim, judgment shall be entered in favor of the plaintiff and against all the defendants for injunctive relief, damages, and fees and costs as to be determined after the plaintiff's additional submission and, if needed, an evidentiary hearing. The plaintiff shall have 20 days from the filing date of this order to submit its pleading/application concerning the scope of injunctive relief, the amount of damages, and the amount of fees and costs. This pleading/application shall set forth the specific requested relief and amounts along with all necessary

affidavits and documents supporting a final determination of these matters. For the <u>Count Three Breach of Contract claim</u>, judgment shall be entered in favor of the plaintiff and against the defendant Darkstar in the amount of $145,761.78, plus interest at the contract rate of 18% per annum, from and after January 17, 2012, and with "costs and expenses, including reasonable attorney fees, incurred by . . . enforcing its rights in the transaction," to be determined after the plaintiff's additional submission and, if needed, an evidentiary hearing. (Dk. 22-1, p. 7, ¶ 8). The plaintiff shall have 20 days from the filing date of this order to submit its application for these expenses and fees setting forth its requested amounts along with all necessary affidavits and documents supporting them. For the <u>Count Four Tortious Interference with Business Relationship</u> claim, judgment shall be entered in favor of the plaintiff and against AJAX and Alexander Shogren in the actual damages amount of $145,761.78, plus interest at the contract rate of 18% per annum, from and after January 17, 2012. For the <u>Count Five Fraud</u> claim, judgment shall be entered in favor of the plaintiff and against all defendants in the actual damages amount of $145,761.78, plus interest at the contract rate of 18% per annum, from and after January 17, 2012. On Counts Four and Five, the court accepts the uncontested report and recommendation of the magistrate judge to award punitive damages against all defendants. The plaintiff shall have 20 days from the filing date of this order to submit its application on punitive damages that will set forth its

specific requested amount, its analysis of the relevant considerations, and any affidavits and evidence necessary for making this determination.

Upon the plaintiff's filing of these additional applications and supplemental material, the defendants shall have 20 days to file their responses. On any matter disputed, legally or factually, the defendants shall be expected to state their positions specifically and to support the same with relevant affidavits, other evidentiary material, and/or a request for an evidentiary hearing that is justified as reasonable under the circumstances. The court will treat a party's failure to follow these additional procedures as a waiver and rule on all pending matters promptly.

IT IS THEREFORE ORDERED that the court accepts, approves and adopts as its order the Magistrate Judge's report and recommendation filed June 20, 2015 (Dk. 109) subject to the damage findings on counts four and five, and default judgment on liability is granted for the plaintiff and entered against the defendants on the counts and in the amounts as pled and summarized above;

IT IS FURTHER ORDERED that, as explained more fully above, the plaintiff shall have 20 days from the filing date of this order to make all additional applications along with affidavits and evidentiary material, that the defendants shall have 20 days thereafter to file their opposing responses along with any affidavits and evidentiary material, and that the court shall

determine any need for an evidentiary hearing based on the issues and arguments raised in the parties' filings.

Dated this 4th day of August, 2015, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge