IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CENTRINEX, LLC.,

    *Plaintiff*,

vs.

DARKSTAR GROUP, LTC, *et al*.,

    *Defendants*.

Case No. 12-2300-EFM

**MEMORANDUM AND ORDER**

In 2012, Plaintiff Centrinex, LLC, sued Defendants Darkstar Group, LTC, AJAX Group, LLC, and Alexander Shogren for breach of contract, tortious interference, misappropriation of trade secrets, and fraud. Darkstar is British Virgin Islands Corporation, principally doing business in Florida, and AJAX a New York limited liability company, principally doing business in that state. The Complaint alleges that Shogren, a Florida resident, is the principal of both entities.

This matter is before the Court on the motion by Plaintiff for a revivor of the October 29, 2015 Judgment pursuant to K.S.A. § 60-2404. (Doc. 130). Absent some additional action, Kansas law provides that a judgment normally becomes dormant after five years, with the result

that the judgment will "cease to operate as a lien on the real estate of the judgment debtor."[1] If no timely action is taken to revive the judgment, "it becomes absolutely extinguished and unenforceable."[2] A revived judgment, on the other hand, has "the same force and effect as if it had not become dormant."[3]

The Court notes that Plaintiff's Motion also cites Fed. R. Civ. Pr. 69, which provides that writs of execution in aid a money judgment "must accord with the procedure of the state where the court is located." While the rule provides federal courts with authority to issue writs of execution, it provides no additional authority for reviving a dormant judgment under Kansas law. As discussed more fully below, courts have only limited authority to revive dormant judgments under Kansas law, and such motions must strictly comply with state procedural requirements.

A proper revivor motion must give notice to the judgment debtor, and be accompanied by "a request for the immediate issuance of an execution [on the original judgment] if such motion is granted."[4] The revivor statute "requires a motion, notice, and a hearing."[5] A party seeking to use the revivor statute must strictly comply with its requirements.[6]

---

[1] K.S.A. § 60-2403(a)(1).

[2] *Cyr v. Cyr*, 249 Kan. 94, 815 P.2d 94, 97 (1991). *See also State v. Morrison*, 28 Kan. App. 2d 249, 14 P.3d 1189, 1192 (2000) ("The law in Kansas concerning the dormancy of judgments is well established.").

[3] K.S.A. § 60-2404.

[4] *Id*.

[5] *Falleys Inc. v. Mitchell*, 2006 WL 3257465, at *2 (Kan. Ct. App. 2006). *See also id.* at *3 (Once a judgment is dormant, the debtor is "entitled to notice and hearing before ordering a revivor.").

[6] *State v. Firley*, 2016 WL 4259888, at *5 (Kan. Ct. App. 2016). *See also State v. Douglas*, 47 Kan. App. 2d 734, 279 P.3d 133, 138 (2012) ("dormancy and revivor statutes are different than statutes of limitation and they demand strict compliance"); *Matter of Marriage of Shafer*, 517 P.3d 1287 (Kan. Ct. App. 2022) (Party seeking revivor must "diligently follow[] the path laid out at K.S.A. 2021 Supp. 60-2403 and K.S.A. 60-2404.").

If those procedural requirements are met, the court must grant the revivor "unless good cause to the contrary be shown, and thereupon the execution shall issue forthwith."[7] At that point, the statute "places the burden on the judgment debtor to show 'good cause' for denying revival of a dormant judgment."[8]

On the other hand, if the procedural requirements have not been strictly complied with, as for example because the judgment debtor was not served properly, "the district court lack[s] jurisdiction to order the revivor."[9] The requirement for strict compliance limits the ability of a court to grant relief where the procedural requirements were not met. "If a judgment becomes dormant it can only be revived within the time and in the manner prescribed by K.S.A. 60-2404. If, *for whatever reason*, this is not done, under K.S.A. 60-2403 the judgment is extinguished and its enforcement is barred."[10] In an early case addressing the predecessor to the current statute, which provided one year for revivor motions, the Kansas Supreme Court observed:

> This language is peremptory. It imposes an absolute prohibition upon the granting of an order after the lapse of a year from the time when it first could have been made. The right, by the terms of its creation, can endure but a year. The time element is an essential constituent of the right. When the year has expired, there is no longer any right, and the status of the case is then the same as if there were no revivor statute. Analogies from the statute of limitations are not pertinent.[11]

---

[7] K.S.A. § 60-2404.

[8] *Van Nguyen v. Huy Huynh*, 2018 WL 4039396, at *2 (Kan. Ct. App. 2018).

[9] *Falleys*, 2006 WL 3257465, at *3.

[10] *Clark v. Glazer*, 4 Kan. App. 2d 658, Syl. ¶ 1, 609 P.2d 1177 (1982) (emphasis added). *See also id.* at 1180 ("[A]fter seven years of inaction by plaintiff her judgment was extinguished, and there was nothing left to which equitable principles could be applied.")

[11] *Steinbach v. Murphy*, 70 Kan. 487, 78 P. 823, 824 (1904).

Ordinarily, service of process is considered procedural in nature, and federal courts will apply federal procedural rules in diversity actions.[12] Under Rule 4(e) of the Federal Rules of Civil Procedure, a plaintiff may serve an individual defendant in the manner provided by state or federal law.

The are substantial grounds for concluding that Defendants have not been properly served pursuant to Kansas law. The Kansas Court of Appeals has stated that proper notice under the revivor statute is controlled by K.S.A. § 60-303.[13] In the cited case, a factual question existed as to whether the defendant debtor was properly served under Subparagraph (d)(1)(C) of the statute, as he contended that he had moved from the address listed in the notice, and thus it was not his "dwelling or usual place of abode" at the time of service  The Court of Appeals noted that both parties had provided evidence at the hearing on the revivor motion, and that the district court's finding that service was proper was supported by substantial evidence.

In the present action, counsel for Plaintiff has certified that he mailed and emailed a copy of the revivor motion to Defendants Darkstar, AJAX, and Shogren at the addresses listed in the 2012 Complaint.[14] But the history of the case compellingly suggests these addresses have been long abandoned.

---

[12] *Hanna v. Plumer*, 380 U.S. 460 (1965).

[13] *Tarhini v. Amro*, 2015 WL 1947341, at *3 (Kan. Ct. App. 2015). *See also Falleys*, 2006 WL 3257465, at *3 ("Clearly, K.S.A. 60-2404 required Falleys to provide notice of the filing of the motion for revivor in the same manner a summons is issued under article 3 of Chapter 60.").

[14] The last known addresses for Defendants Darkstar, AJAX, and Shogren are (respectively) located in Road Town in the British Virgin Islands; Miami Beach, Florida; and Delray Beach, Florida.

In attempting to resolve failures by Defendants to comply with discovery obligations in 2014, the Magistrate Judge assigned to the case ordered their counsel to supply current contact information for his clients. Counsel responded on May 28, 2014 by requesting permission to withdraw, indicating the previously identified addresses were "[t]he last known mailing addresses" for the Defendants. Counsel also stated, "[u]pon information and belief the corporate entities no longer operate and Mr. Shogren was the last known contact and officer of the corporate entities."

The Court subsequently granted counsel leave to withdraw, issuing notices of the order by certified mail to Defendants as the last known addresses. The notice to Shogren was returned 'UNCLAIMED," the notices to Darkstar and AJAX were returned as "NOT DELIVERABLE AS ADDRESSED."

The Magistrate Judge recommended entry of judgment against Defendants, and the Court adopted the recommendation on August 4, 2015, and ultimately entered Judgment against Defendants. Notices of the adoption of the recommendation and the subsequent Judgment were returned as "NOT DELIVERABLE" and "VACANT."

In *Chambers v. Fike*,[15] this Court agreed with the principle that "K.S.A. 60-303 does not permit service upon an individual at his or her 'last known' dwelling or abode."[16]

> Plaintiff has not made a prima facie showing that he served process at Fike's dwelling or usual place of abode. At best, plaintiff has made a prima facie showing that he served process at Fike's *former* dwelling or usual place of abode. Such service does not satisfy the requirements of 60-303.[17]

---

[15] 2014 WL 1806704 (D. Kan. 2014).

[16] *Id.,* at *2.

[17] *Id*. (emphasis added).

In reaching this conclusion, the Court noted the early decision of the Kansas Supreme Court in *Amsbaugh v. Exchange Bank*,[18] which observed that service had not been properly made at the defendant's "usual place of residence" by leaving notice at the house where he and his wife and "had formerly resided together prior to his departure," and where the plaintiff's own affidavit expressly rationalized the lack of personal service on the grounds "that said defendant has absconded so that the ordinary process cannot be served upon him."[19]

"[W]hether a particular place is a person's dwelling house or usual place of abode is a question of fact."[20] A determination regarding whether a given address is a person's dwelling house or usual place of abode must be supported by some substantial competent evidence.[21]

Here, the affidavit supplied by Plaintiff's counsel addresses only the amounts currently owing under the Judgment, along with the absence of an outstanding or returned executions on the judgment. There is thus no substantial competent evidence that the mailing addresses used for notice of the revivor motion are contemporaneous or correct. To the contrary, the history of the present case provides compelling reason to believe that the mailing address are not valid, and that Shogren in particular has long absconded from the address in Delray Beach.

Further, it appears that Plaintiff sent notice of the motion by email and regular mail. K.S.A. § 60-308 governs service outside Kansas, and provides that service be accomplished

---

[18] 33 Kan. 100, 5 P. 384, 388 (1885).

[19] *Id*. at 388.

[20] *Cowherd v. Rubi*, 2008 WL 2699904, at *5 (D. Kan. 2008) (citation omitted).

[21] *Vlamis Enterps. v. Pullen*, 1999 WL 35814322, at *1 (Kan. Ct. App. 1999) (citation omitted).

either by an authorized service agent,[22] or in the manner specified by K.S.A. § 60-303(c).[23]  That provision authorizes the use of return receipt delivery "effected by certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed."  Under K.S.A. § 60-304(a), service by return receipt delivery "must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address."  Business entities must be served as provided in K.S.A. § 60-304(d).  First-class mail is authorized under § 60-303(c) only after an initial service by certified or prior mail "is returned with an endorsement showing refusal to accept delivery."[24]

Even assuming that the revivor statute's requirement that "[n]otice of the filing of the motion shall be given as for a summons under article 3 of this chapter" was not controlling, and that notice could be served in a manner authorized by Federal Rule of Civil Procedure 4, it does not appear that Plaintiff's mailings were sufficient under to Rule.  As an individual, Rule 4(e) requires service on Shogren which is either (1) consistent with the state rules for service in the District where service was attempted,[25] or (2) either personal delivery, delivery to an authorized agent, or "leaving a copy at [his] dwelling or usual place of abode."

---

[22] K.S.A. § 60-308(a)(2)(A).

[23] K.S.A. § 60-308(a)(2)(B).

[24] K.S.A. § 60-303(c)(5).

[25] Florida law also requires service at a defendant's current place of living.  *See* Fla. Stat. Ann. § 48.031(1)(a) (Service on an individual may be personal, or by "leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.").

No substantial evidence supports the conclusion that Defendants were properly served with notice of the Motion for Revivor as required by K.S.A. § 60-2404. The Court is without jurisdiction to grant the relief sought.

Denial of the revivor motion is without prejudice in two respects. First, Plaintiff may renew its motion accompanied by some prima facie showing of notice to Defendants consistent with K.S.A. § 60-2404.

Second, the time for Plaintiff to seek revivor has not passed. Pursuant to K.S.A. § 20-172 and Kansas Supreme Court Administrative Orders issued during the Covid-19 pandemic, limitations periods and statutory deadlines were tolled between March 19, 2020 and April 15, 2021.[26] The Kansas Court of Appeals has concluded that this suspension includes motions to revive a dormant judgment under K.S.A. § 60-2404.[27]

K.S.A. 20-172(d) provides:

(1) For a deadline or time limitation that was extended or suspended because of an order issued pursuant to subsection (a), on the date such order terminates, a person shall have the same number of days to comply with the deadline or time limitation as the person had when the deadline or time limitation was extended or suspended; and

(2) for a deadline or time limitation that did not begin to run because of an order issued pursuant to subsection (a), on the date such order terminates, a person

---

[26] *See Korgan v. Est. of Hansen by & through Cramer*, 2022 WL 4465074, at *3 (2022) ("By the plain language of the statute, it is clear that the Kansas legislature intended to toll statutes of limitation during a period of emergency as ordered by the chief justice of the Kansas Supreme Court.")

[27] *Arch Roofing & Restoration Co. LLC v. Garcia*, 505 P.3d 823 (Kan. Ct. App. 2022) ("[W]e find that nothing in the plain and unambiguous language of the [Covid-19 administrative] order makes an exception for the filing of motions to revive civil judgments under K.S.A. 60-2404.").

shall have the full period provided by law to comply with the deadline or time limitation.

In the present case, the Judgment would ordinarily have become dormant on October 30, 2020. At that time, the relevant Administrative Orders suspending deadlines were in effect, with the result that the "time limitation [of K.S.A. § 60-2404] did not begin to run." Under K.S.A. § 20-172(d)(2), Plaintiff may attempt to revive its Judgment by motion filed or before April 15, 2023.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion for Revivor (Doc. 130) is hereby **DENIED.**

**IT IS SO ORDERED** this 8th day of November, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE